GEORGE E. LEAVITT *vs.* EDWARD W. LEAVITT & another.

Suffolk.    January 18, 1893. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Negligence — Inconsistent Evidence — Question for the Jury.*

In an action for personal injuries occasioned to the plaintiff by an elevator which the defendants used to get their goods to their premises, the plaintiff's evidence was confused and inconsistent, in that he stated that he did not perceive that the elevator was in motion until he was injured, and also that he saw two of the defendants' servants start the elevator. These servants were not fellow servants with the plaintiff, who was a teamster employed by a carrier, and not an employee of the defendants. *Held,* that however much the plaintiff may have contradicted his own statements, and however dull and inconsistent he may have been as a witness, it was for the jury to weigh his statements and find the facts.

TORT for personal injuries occasioned to the plaintiff by an elevator used by the defendants. Trial in the Superior Court,

before *Thompson*, J., who directed a verdict for the defendants; and the plaintiff alleged exceptions. The facts appear in the opinion.

*B. C. Moulton*, for the plaintiff.

*G. W. Anderson*, for the defendants.

BARKER, J. The defendants occupied the second and third floors of a building. An elevator ran from the ground floor up through the building, and had an entrance from the sidewalk. The defendants used the elevator to get their goods to their premises. It was also used by other occupants of the building. The plaintiff was a teamster, and customarily employed to deliver to the defendants rolls of leather. The method of delivery, used at their request, was to place the rolls on the elevator platform instead of leaving them on the sidewalk. On the day of the accident, having occasion to deliver leather to the defendant, he drove to the place, called out, "Elevator," and it was let down to the sidewalk level for his use. He proceeded to pile the rolls of leather upon it. One of them slipped or rolled from the pile, and was caught between the elevator and the wall. He went upon the platform to dislodge the roll, and place it upon the pile. While doing this the elevator started, and his foot was caught and crushed.

The plaintiff's evidence as to how the accident happened was confused and inconsistent. He testified that he did not perceive that the elevator was in motion until his heel was caught, and that he then immediately fainted, and did not regain consciousness until removed from the elevator. But he also testified that he saw two of the defendants' employees start the elevator. The jury alone could deal with this evidence, and it was competent for them to find that the elevator was started while he was at work upon it, and that it was started by the defendants' servants. These servants were not fellow servants with the plaintiff, who was a teamster employed by a carrier, and not an employee of the defendants. The jury could have fairly found, not only that the elevator was set in motion by the defendants' servants, but that in so doing they were engaged in the defendants' work. It cannot be denied that, if the defendants had invited the plaintiff to use the elevator, and knew or ought to have known that he was engaged in loading goods upon it,

it was negligent for them to put it in motion while the plaintiff was so engaged.

Of all these things there was evidence in the plaintiff's own testimony, and however much he may have contradicted his own statements, and however dull or inconsistent he may have been as a witness, it was for the jury to weigh his statements and find the facts. The case should have been submitted to them.　　　　　　　　　　　　　　　*Exceptions sustained.*