JOSEPHINE SLATTERY *vs.* LAWRENCE ICE COMPANY.

Essex.    November 9, 1905. — January 3, 1906.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence.*

A girl six years and eight months of age living with her father and her grandmother can be allowed to leave the house and go upon a highway unattended without negligence being imputed as matter of law to her father or her grandmother if she is injured.

A girl six years and eight months of age engaged in play upon a highway, although not a traveller entitled to recover under the highway act for an injury from a defect in the street, can maintain an action against a person by whose negligence she is injured while in the exercise of the degree of care reasonably to be expected from her.

A girl six years and eight months of age sitting on the curbstone of a sidewalk, who, when told by an ice man carrying a piece of ice on his shoulder to get out of the way, gets up, moves out of the way, and sits down again farther along on the curbstone, if injured by the ice falling and striking her leg when the ice man stumbles, can be found to be in the exercise of the degree of care reasonably to be expected from her, and even in the exercise of the degree of care to be expected from a reasonably careful adult.

If the employee of an ice company carries a one hundred pound piece of ice on his shoulder without tongs in a street where many children are near, and, slipping as he approaches the curbstone of a sidewalk, gives the cake of ice a twitch or

jerk so that it falls and strikes the sidewalk bounding up and breaking the leg of a child who, in the exercise of due care has moved to make room for the ice man to pass, there is evidence of the employee's negligence, and the ice company may be found to be liable for the injury to the child, as the resulting accident although unusual and peculiar is not so extraordinary that it might not reasonably have been foreseen and guarded against by those in charge of the ice company's business.

TORT, by a girl six years and eight months of age when injured, against an ice company, for injuries alleged to have been caused by the negligence of the defendant's servant in so carelessly handling a cake of ice that it fell upon the plaintiff and broke her leg. Writ dated March 10, 1903.

At the trial in the Superior Court before *Fox*, J. it appeared that the plaintiff lived with her father and her grandmother on Elm Street, in the city of Lawrence; that on August 2, 1902, after twelve o'clock dinner, the plaintiff went out to the street and remained there, playing with other children, until she was hurt. She testified that, while she and a little girl of about her own age were playing on the sidewalk, she saw the ice team come down the street with a lot of children following it; that it drove on past her and stopped in the middle of the street opposite a store which was on the north side of the street; that at that time she and the other little girl were sitting on the curbstone on the south side of the street; that she asked the girl's brother to go to the team for a piece of ice; that, while he had gone after the ice and while she was sitting on the curbstone, one of the men in the employ of the defendant, who was with the team, hoisted a piece of ice in the tongs from the cart to his back, and came across the street toward where she was sitting; that as he came along he told her to get out of the way, and she got up, moved out of the way, and sat down again; that just as he stepped up upon the curbstone he gave the cake of ice a twitch or jerk and it fell, striking her leg and then her foot, as she sat on the curbstone. She further testified that she was six years and eight months old at the time of the accident, and had been at school for a year; that the accident happened between three and four o'clock in the afternoon, and that up to that time she had been playing on the sidewalk, but not in the roadway at all, and that she did not see her grandmother or her father from dinner until the accident.

The father of the plaintiff testified that the accident happened between four and five o'clock in the afternoon, and that he had left the house after dinner about one o'clock, and had not seen his child again until after she was hurt.  He further testified that he spent part of the afternoon in a store on the same street about a block from his house near which the girl was injured, that he knew there were ice wagons and other teams on the street, and that he could have kept track of his daughter's whereabouts.

The grandmother died shortly after the accident, and there was no testimony offered with reference to where she was during the afternoon of this day.

One Hall, called by the defendant, testified that in August, 1902, he was working for the defendant, and had then been employed by the defendant for about nine years; that on the day of the accident he was standing on the platform of the wagon, and had cut a cake of ice in two, and lifted it to the shoulders of one Sullivan, who was to carry it into a store; that there were four or five children about the rear of the cart at the time, and the witness told them to get out of the way; that when he placed the cake of ice on Sullivan's shoulder, Sullivan stepped on some one's foot, and in attempting to recover his balance he let the cake of ice fall; that it struck the ground, and then bounded up and struck the plaintiff; that when ice had to be put into boxes with an opening five or six feet from the floor, the safest and most convenient method of carrying it was on the shoulder, and tongs would not be employed.

Sullivan testified that he was employed by the defendant at the time of the accident and had been for about fourteen years; that he was delivering ice in a store on Elm Street, where the opening in the ice box was about six feet from the floor, and was carrying it in, one hundred pounds at a time; that Hall had cut the cake on the wagon and lifted it with the tongs to the witness's shoulder; that there were several children about, and he and Hall both told them to get out of the way; that he took the cake of ice on his left shoulder, with his left hand on top of it and his right hand underneath it, and as he did so he stepped on one of the children, and when the child cried he stepped back and lost his balance; that the ice fell

and struck the ground, and then bounded up and struck the plaintiff.

One Holt testified that he was the manager of the defendant company, and had been engaged in the ice business for seventeen years; that he was familiar with the method of carrying ice into houses and stores, and that for a man to carry ice on his shoulder, where the ice box opening was high, was the proper, safe and usual method.

At the close of the evidence, the defendant asked the judge to make the following rulings: 1. There is no evidence of negligence on the part of the defendant or its employees, and the plaintiff is not entitled to recover. 2. Upon all the evidence the plaintiff was not in the exercise of due care at the time she was injured. 3. The father of the plaintiff was not in the exercise of due care in allowing her to remain on the street unattended for the length of time that she was there, and his lack of due care is attributable to the plaintiff, and she cannot recover. 4. The grandmother of the plaintiff was negligent in allowing her to remain on the street unattended for the time that she was there, and her negligence is attributable to the plaintiff, and she cannot recover.

The judge refused to make the rulings requested, and instructed the jury among other things that if the plaintiff was out in the street behind the ice cart and heard the command to get out of the way, and stayed there and got hurt, as was testified to by the defendant's witnesses, then she was not in the exercise of due care, and could not recover. The jury returned a verdict for the plaintiff in the sum of $400; and the defendant alleged exceptions.

*W. S. Knox*, for the defendant.

*L. S. Cox*, for the plaintiff, was not called upon.

BRALEY, J. The plaintiff although a child of tender years had reached an age when she could be allowed to leave her home and go upon the public ways without negligence being conclusively imputed to her father or grandmother with whom she lived. *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126, 128, and cases there cited. *Young* v. *Small*, 188 Mass. 4.

And the fact that with her companions she was engaged in play does not bar a recovery, however decisive such a circum-

stance might be in a suit against the municipality for injuries received by a defect in the street.   *O'Brien* v. *Hudner*, 182 Mass. 381.   *Tighe* v. *Lowell*, 119 Mass. 472.

Upon conflicting evidence there were two possible conclusions that could have been reached as to her conduct.   If the defendant's witnesses were believed, at the time of her injury she with other children was at the rear of the ice cart where they carelessly remained after being ordered to leave.   But this defence evidently was not accepted by the jury to whom the question was properly left, with the specific instruction that if they found this version to be true, the plaintiff was negligent and could not recover.

It often has been said by this court that the standard of care on the part of an infant plaintiff, if found capable of going on the public ways unattended, depends upon his age and intelligence.   *Aiken* v. *Holyoke Street Railway*, 180 Mass. 8.   *McDermott* v. *Boston Elevated Railway, ubi supra.*

Under proper instructions, it was therefore for the jury to determine by this test the character of the plaintiff's behavior. But upon her statement of the manner in which the accident happened she also could have been found to have exercised the degree of care required of a reasonably careful adult.   *Wiswell* v. *Doyle*, 160 Mass. 42.   *McNeil* v. *Boston Ice Co.* 173 Mass. 570.

By either standard to take a seat farther along on the curbstone in obedience to an order of the defendant's servant, and for the purpose of leaving room for him to pass from the carriage way to the sidewalk was not of itself an act of negligence.

The jury could find, as undoubtedly they did, that there was no apparent reason for her to anticipate that the defendant's servant would twist the cake of ice he was carrying on his shoulder so that it would fall and finally come in contact with her person, and for this reason the second, third and fourth rulings requested were rightly refused.

While the combination of circumstances which caused him to stumble, and the cake of ice to fall on the ground, when it rebounded striking her, are unusual and peculiar, they cannot be said as matter of law to be so extraordinary as not reasonably to have been foreseen, and hence should have been guarded against

by those in charge of the defendant's business.  *Powell* v. *Deveney*, 3 Cush. 300.  *Manning* v. *West End Street Railway*, 166 Mass. 230, 231.  *Flynn* v. *Butler*, 189 Mass. 377.  The first ruling consequently could not have been properly given.

*Exceptions overruled.*