MILLER v. BAHMMULLER et al.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

1. NEGLIGENCE—PROXIMATE CAUSE OF INJURIES.
     Where defendant kicked plaintiff while the latter was sitting near an
open cellarway, thereby causing him to fall into the cellar, the open cellar-
way was not the proximate cause of the injury, so as to entitle him to
bring an action for negligence.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 69.]

2. ASSAULT AND BATTERY—CIVIL LIABILITY.
     Plaintiff's cause of action, if any, was for the unlawful assault.
     Hooker, J., dissenting.

Appeal from Kings County Court.

Action by William Joseph Miller, an infant, by William H. Mil-
ler, his guardian ad litem, against John Bahmmuller and Charles
Bahmmuller, copartners. From a judgment for plaintiff, and an
order denying a new trial, defendants appeal. Reversed, and new
trial ordered.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-
LER, JJ.

Walter H. Liebmann, for appellants.

Robert Stewart (Ralph G. Barclay, on the brief), for respondent.

MILLER, J. The defendants are copartners, and the negligence
charged was the maintenance by the defendants of an open, unguard-
ed cellarway on their premises near the sidewalk. The plaintiff, a
little boy eight years of age, was sitting on the step by the side
of the cellarway, when one of the defendants kicked him and caused
him to fall into the cellarway, sustaining injuries for which he has
recovered. The plaintiff's theory is that the open cellarway was
one of the proximate causes of the injuries; that that and the as-
sault were concurrent causes. We do not think so. The plaintiff's
cause of action, if any, is for assault against the person who com-
mitted the assault.

The judgment and order should be reversed, and a new trial or-
dered; costs to abide the event. All concur, except HOOKER, J.,
who dissents.