Syllabus.

Roy Kemp, an infant, by his next friend, Robert J. Kemp vs. McNeill Cooperage Company, a corporation of the State of New Jersey.

1. Negligence—Burden of Proof.

In actions based on negligence, the burden of proof is on plaintiff; "negligence," which is the want of due care, or such care as an ordinarily prudent man would exercise under like circumstances, being never presumed.

2. Negligence—Contributory Negligence.

A plaintiff's own negligence, proximately contributing to his injuries, constitutes a defense in an action for such injuries.

3. Negligence—Contributory Negligence—Burden of Proof.

Contributory negligence must be proved by a preponderance of evidence, and the burden of proof rests on defendant, unless it appears from plaintiff's testimony.

4. Master and Servant—Injuries to Servant—Warning.

It is the duty of an employer to warn his servant of any danger with which the servant may come in contact in the course of his employment, if not known to the servant and not discoverable by due care.

5. Master and Servant—Injuries to Servant—Warning.

Whether a danger is or is not apparent to a servant seventeen years old, as affecting duty to warn him, depends on whether it would have been apparent to the average youth of the same age, intelligence, and experience.

6. Master and Servant—Imjuries to Servant—Knowledge of Danger.

The knowledge of the existence of the thing that causes a personal injury to a servant is not necessarily a knowledge of the danger arising therefrom.

7. Master and Servant—Injuries to Servant—Assumption of Risk.

If a servant knows of a danger, or by the ordinary use of his senses could have known thereof, he assumes the risk of injury therefrom.

8. Master and Servant—Injuries to Servant—Scope of Employment.

A servant, injured while acting outside the scope of his employment, without the order of his employer, cannot recover for personal injuries, even though resulting from dangerous and defective appliances.

9. Damages—Personal Injuries—Measure of Damages.

Where a servant seventeen years old was injuried by being caught in a set screw on a shaft, recovery might be had for such a sum as would reasonably compensate plaintiff for his injuries, including his pain and suffering in the past, and such as might come to him in the future, and for permanent injuries received, resulting from the accident.

(April 23, 1918)

Pennewill, C. J., and Boyce, J., sitting.

Henry Ridgely, George M. Fisher, Jr., and T. Allen Goldsborough (of the Maryland Bar) for plaintiff.

*George M. Jones* for defendant.

Superior Court, Kent County, April Term, 1918.

FOREIGN ATTACHMENT, No. 7, October Term, 1916.

Foreign attachment by Roy Kemp, an infant, by his next friend, Robert J. Kemp, against the McNeill Cooperage Company.

The defendant appeared by giving the required security. The case was pleaded to issue, as in an action on the case for personal injuries. Trial by jury. Verdict for plaintiff.

Plaintiff's evidence, by several witnesses, showed that the accident occurred on December 8, 1915, in a stave mill which defendant was operating near Sandtown, Kent county, Delaware; that on the day of the accident the mill was closed down for a short time in order that the saws might be filed, during which time the employes, including the plaintiff, a youth of seventeen years of age, went outside. The plaintiff testified that he was employed to run a crozing machine in the mill, and to do whatever else he was told to do; that when the mill started up again he, being ordered by the superintendent or boss to put the belt on the pulley of a countershaft, went inside to do so; and while so engaged an uncovered set screw which protruded from one-half to three-quarters of an inch from the collar of the countershaft, caught in the side of his overalls and carried him around with the shaft as it revolved.

The superintendent or boss in charge of the mill on the day of the accident was the only witness for the defendant. He testified that the plaintiff's duty was to run a crozing machine on the second floor of the mill; that the belt in question was on the ground floor; that he did not order the plaintiff to put the belt on; that he was, in fact, in the second floor at the time of the accident, and did not know that the belt was off the pulley.

### Plaintiff's Prayers.

1. That it is the duty of the master to warn the servant of any danger which the servant may come into contact with in the course of his employment, and which would not be apparent to the servant.

2. That the question whether a danger is apparent or not will depend upon the age and experience of the servant.

3. That in the case of a servant, who is a boy under the age of twenty-one years, the test as to whether a danger is or is not apparent will depend upon whether it would have been apparent to the average boy of the same age and experience, and not whether the danger would have been apparent to a person of maturer years and experience.

4. That knowledge of the existence of the set screw is not necessarily knowledge of the danger from the set screw; knowledge that a thing exists not being knowledge that the thing is dangerous.

5. That even if the jury shall believe that Roy Kemp might have seen the set screw, yet that this will not prevent a verdict for the plaintiff, unless the jury shall also believe that the average boy of his age and experience would have realized that the said set screw constituted a danger.

6. If the verdict should be for the plaintiff, it should be for such a sum as will reasonably compensate the plaintiff for his injuries, including therein his pain and suffering in the past, and such as may come to him in the future, and for permanent injuries received, if any, resulting from the accident. *Travers v. Hartmann*, 5 *Boyce* 302, 310, 92 *Atl.* 855.

Counsel for the defendant was content to have the court charge the jury in accordance with the principles announced in the case of *Seininski v. Wilmington Leather Co.*, 3 *Boyce* 288, 83 *Atl.* 20.

BOYCE, J., charged the jury in part:

This is an action by Roy Kemp, an infant, by his next friend, Robert J. Kemp, against McNeill Cooperage Company, a corporation existing under the laws of the state of New Jersey.

The first count in the declaration, which contains two other counts, substantially the same as the first, charges that the defendant carelessly and negligently, on the eighth day of December, 1915, ordered the plaintiff to put a belt upon the pulley of a shaft in the defendant's mill without warning or instructing

him, the plaintiff, of the existence of the protruding set screw in the collar of the shaft and of the danger of being caught in the clothes by the protruding set screw, and that in obedience to the order of the defendant the plaintiff, on that day, in this county, then and there being a minor and unskilled in machinery and ignorant of the danger thereof, undertook to put the belt on the pulley of the shaft, and in so doing, and while in the exercise of due care and caution on his part, the protruding set screw caught in the clothes of the plaintiff, by reason whereof he, the plaintiff, was carried around by the shaft, which was then and there revolving with great speed, and was brought into violent contact with one of the sills upon which the said shaft was attached, and with the floor of said mill, and thereby the face and head of the plaintiff were brusied, wounded and lacerated, some of his teeth knocked out, the roof of his mouth, his jaw and his arm, shoulder and leg injured, and was otherwise badly cut, bruised and wounded, etc.

The defendant denies that it was negligent and claims that the plaintiff, on his own volition, without any direction of his employer put the belt upon the pulley of the shaft, and that he did so outside of the scope of his employment, and that his injuries were wholly caused by his own negligence.

[1] This action is based on negligence, and the burden of proving the negligence charged to the satisfaction of the jury is cast upon the plaintiff. Negligence is never presumed; it must be proved. Whether there was any negligence at the time of the accident, and whose, must be determined by the jury from the evidence. Negligence in a legal sense is the want of due care; that is such care as an ordinarily prudent man would exercise under like circumstances. It is the failure to observe for the protection of another that degree of care and vigilance which the circumstances justly demand.

[2, 3] In order for the plaintiff to recover, he must satisfy you by the weight or preponderance of the evidence that the defendant was guilty of one or more of the negligent acts averred in his declaration. He must satisfy you not only that the injuries complained of resulted from the negligence of the defendant,

but also that at the time of the accident he was himself without fault or negligence which proximately contributed to his injuires; for if his own negligence did proximately contribute to his injuries, the defendant is not liable, even if it was also negligent. Where contributory negligence of the plaintiff is relied on as a defense, it must be proved by a preponderance of the evidence, and the burden of proving it rests upon the defendant, unless it should appear from the testimony produced by the plaintiff.

[4-8] It is the duty of the employer to warn the servant of any danger with which the servant may come into contact in the course of his employment, if the same was unknown to the servant and could not be seen or known by the reasonable use of his senses and the exercise of due care. In the case of a servant of seventeen years of age, the test as to whether a danger is or is not apparent will depend upon whether it would have been apparent to the average youth of the same age, intelligence and experience. The knowledge of the existence of the thing that causes the injury is not necessarily the knowledge of the danger arising therefrom. Whether the plaintiff in this action saw, or by the exercise of due care might have seen, the set screw in the shaft and have avoided the accident, is a question for your determination, and in determining such question you should consider whether an average youth of the age, intelligence and experience of the plaintiff would have realized, in the absence of warning, that the set screw was dangerous. If the plaintiff, from his experience gained in the defendant's factory or elsewhere, knew how to place the belt upon the shaft with safety, whether he did it of his own volition or under the direction of his employer, the defendant would not be liable on account of his failure to give the plaintiff instruction and warning. If he knew the danger, or by the ordinary use of his senses could have known thereof, he assumed the risks and may not recover therefor. If the plaintiff, at the time of the accident, was acting outside the scope of his employment, without the order of his employer, he cannot recover even though the machinery and appliances were defective and dangerous.

[9]   In conclusion we will say that if you believe from the preponderance of the evidence that the plaintiff's injuries were caused by the negligence of the defendant, as we have instructed you, and further believe that the plaintiff's own negligence did not proximately contribute thereto, your verdict should be in favor of the plaintiff, and it should be for such a sum as will reasonably compensate the plaintiff for his injuries, including therein his pain and suffering in the past, and such as may come to him in the future, and for permanent injuries received, if any, resulting from the accident.   If, however, you are not satisfied that the plaintiff's injuries were caused by the negligence of the defendant, or if you believe that the plaintiff's own negligence contributed proximately to his injuries, your verdict should be for the defendant.

                                    Verdict for plaintiff.