KATHERINE P. HILL, JAMES PEARSON HILL and WILLIAM GEORGE HILL *vs.* JOHN G. McKAY.

1. LANDLORD AND TENANT—TENANT BOUND TO TREAT PREMISES SO THAT NO INJURY SHALL BE DONE THEM.

A tenant is bound to treat the demised premises in such manner that no substantial injury is done them, and so that they shall revert to the landlord at the end of the term unimpaired by any wilful and neglectful conduct on his part.

2. LANDLORD AND TENANT—LANDLORD CAN DEPEND TO REASONABLE EXTENT ON TENANT'S ASSURANCE PROPERTY IS LEFT IN GOOD CONDITION.

A landlord has the right to depend to a reasonable extent on the assurance of the tenant, on leaving the premises, that he has left them in good condition, but such assurance does not entirely relieve the landlord of the duty of exercising reasonable care in examining his property, a duty which depends in some degree on conditions existing after the surrender of the property, such as the weather, and the time that has elapsed after the assurance of the tenant.

3. LANDLORD AND TENANT—TENANT NOT LIABLE FOR DAMAGE TO PREMISES UNLESS CAUSED BY HIS NEGLIGENCE DURING TENANCY.

A tenant is not liable to his landlord for damages to the property during the tenancy unless the damage was caused by the tenant's negligence during his tenancy.

4. LANDLORD AND TENANT—LANDLORD HAS BURDEN TO PROVE TENANT'S NEGLIGENCE DAMAGED PROPERTY.

In an action to recover from a tenant for damages to the premises during his tenancy, the burden of proving the tenant's negligence is on the landlords, and they cannot recover if they have not satisfied the jury by a preponderance of the evidence that the damages occurred through the tenant's negligence, the mere fact that damage occurred not being sufficient to warrant finding of negligence.

5. NEGLIGENCE—PLAINTIFF MUST PROVE "NEGLIGENCE."

In actions based on "negligence," which is the want of due care, or such care as an ordinarily prudent man would exercise under like circumstances, the burden of proof is on plaintiff, negligence never being presumed.

6. LANDLORD AND TENANT    LANDLORD MAY RECOVER REASONABLE COM-
PENSATION FOR DAMAGE TO PROPERTY THROUGH TENANT'S NEGLIGENCE.

A landlord whose property has been damaged during the tenancy through the negligence of the tenant is entitled to recover from him such sum as will reasonably compensate him for the damage caused by the tenant's negligence.

(*May* 4, 1921)

PENNEWILL, C. J., and CONRAD, J., sitting.

*James H. Hughes* for plaintiff.

*James M. Satterfield* and *Earl D. Willey* for defendant.

Superior Court for Kent County, April Term, 1921.

CASE, No. 17, July Term, 1920.

Action on the case to recover damages for defendant's failure to perform his covenant to surrender demised premises in as good order and condition as they were when he entered into possession thereof as tenant, reasonable wear and tear, and accidents happening by fire or other casualties excepted.

The defendant entered into possession of the premises under a written lease with the plaintiffs for one year beginning December 1, 1914, at a rental of $25 per month; and under a provision of the lease the defendant had the right to continue as tenant after the expiration of the year, from month to month under the terms stated in the lease.

In November, 1919, the defendant, according to his testimony, secured the consent of his landlords, the plaintiffs, to remain in possession of the property for ten or twelve days in December, the following month, with the understanding that he would pay rent for the entire month. He surrendered possession of the property December 12, 1920.   He testified that before leaving he turned off the water and drained the pipes as well as he was able to do; that there were no bursted pipes at that time, and the property was in better condition in all respects than when his tenancy began.   He notified plaintiffs by letter that he had turned off the water and drained the pipes before leaving.

According to the plaintiff's testimony, the defendant rented the property for the entire month of December, 1919, and during that month, after he had left, the cellar was found to be very wet, and plastering had fallen from the ceiling in one room on account of its wet condition. Plaintiffs made no examination of the house thereafter until some time in April, 1920, when another person to whom the property had been rented found it was not habitable because the water pipes had bursted, radiators leaking, and the house practically flooded with water. The cost of repairing the damage was shown to be over $400, and this suit was brought to recover the amount.

A witness for the plaintiff testified that the defendant told her in December, 1919, that the pipes in the cellar of the house had bursted, and defendant admitted telling her this, but explained that what he meant was that in removing the range, which he had installed in the cellar with the plaintiffs' consent, the pipes at the back bursted, but he had replaced the broken pipes with new ones and the trouble was entirely removed.

The defendant objected to the admission of any testimony for the plaintiffs showing damage to the property from bursted pipes or other cause because the plaintiffs had conveyed away all their interest in the property before suit was brought. That this action is in the nature of an action for waste, and under the law laid down in the case of *Waples v. Waples*, 2 *Harr.* 281, and *Baker v. Johnson*, 2 *Marv.* 219, 42 *Atl.* 449, the plaintiffs cannot maintain their action after parting with the reversion.

The plaintiffs admitted they had no title to the property when suit was brought, but contended that the present action could not be likened to an action of waste, which is practically obsolete anyway in this country as well as in England.

The following authorities were cited by plaintiffs in support of their position, viz: 16 *R. C. L.* 791; *Appleton v. Marx*, 191 *N. Y.* 81, 83, *N. E.* 563, 16 *L. R. A.* (*N. S.*) 210, 14 *Ann. Cas.* 150; *Scott v. Haverstraw, Clay & Brick Co.*, 16 *N. Y. Supp.* 670;[1] 18

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion 62 Hun, 620.

*Am. & Eng. Ency. of Law,* 265; 1 *Tiffany L. & T.* 725. Defendant's objection was overruled, and the testimony admitted.

PENNEWILL, C. J., charging the jury:

This is an action on the case brought by the plaintiffs against the defendant to recover damages alleged to have been sustained because of the defendant's failure to perform his covenant to surrender the demised premises in as good order and condition as they were when he entered into possession, reasonable wear and tear and accidents happening by fire or other casualties excepted.

The plaintiffs claim that by reason of the defendant's negligence the pipes and radiators in the house bursted from freezing or other cause, and the water system and other parts of the property were damaged thereby.

[1] The defendant denies that the damage complained of was caused by any negligence on his part. He claims that he surrendered possession of the property to the owner December 12, 1919, and that it was then in better condition than when he entered into possession. A tenant is bound to treat demised premises in such a manner that no substantial injury shall be done to them, and so that they shall revert to the landlord at the end of the term unimpaired by any wilful or neglectful conduct on his part.

[2] The landlord has a right to depend to a reasonable extent on the assurance of the tenant, on leaving the premises, that he has left them in good and safe condition. But such assurance does not entirely relieve the landlord of the duty of exercising reasonable care in examining his property thereafter. This duty would depend in some degree upon the conditions existing after the surrender of the property, such, for example, as the condition of the weather and the time that has elapsed after the assurance of the tenant, that the property was left in good condition. What we mean is that the landlord is not absolved from all duty of looking after the preservation of his property between the ending of one tenancy and the beginning of another, when from weather conditions and lapse of time damage might occur. All that the relation of the tenant implies in this case is that the tenant, while us-

ing the property, and in leaving it, shall exercise reasonable care to prevent damage thereto.

[3]   In order to find against the defendant the jury must be satisfied that the damage was caused by the defendant's negligence and during his tenancy.

If the jury believes that the defendant rented the property in question for ten or twelve days in December, 1919, and that he vacated same on December 12, 1919, pursuant to the terms of said renting and delivered possession of the property to the plaintiffs or to their agent in as good condition as he found it when entering into possession, then the verdict should be for the defendant.

[4]   There can be no recovery in this case unless it appears that the damage occurred by reason of the negligence of the defendant.   The burden of proving neligence is on the plaintiffs and if they have not satisfied the jury by a preponderance of the evidence that the damages occurred by reason of the negligence of the defendant, there can be no recovery. The mere fact that the damage occurred is not sufficient to warrant the jury in finding that it resulted from the negligence of the defendant.   In order to enable the plaintiffs to recover there must be evidence of negligence beyond that arising from the mere fact of the occurrence of the injury.  *Earle, appellant, v. Arbogast,* 180 *Pa.* 415, 36 *Atl.* 923.

[5]   That in actions based on negligence, the burden of proof is on the plaintiff.   Negligence, which is the want of due care or such care as an ordinarily prudent man would exercise under like circumstances, is never presumed.   *Kemp v. McNeill,* 7 *Boyce,* 146, 104 *Atl.* 639.

[6]   If the jury should find for the plaintiffs, their verdict should be for such sum as they believe from the testimony will reasonably conpensate them for the damage to their property caused by defendant's negligence.   If they are not satisfied that the damage was caused by defendant's negligence their verdict should be for the defendant.

Verdict for defendant.