ROY PINTO *vs.* ANDREW J. BRENNAN.

Middlesex. November 17, 1925. — January 6, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Imputed, Of person in charge of child, In use of highway, Motor vehicle.

The mother of five children of ages ranging from a boy of seven years to a baby too young to walk, whose circumstances required that she do her own household work, while she was sitting on the doorstep of her home

holding her baby permitted her oldest boy to accompany his brother, two years and nine months of age, across a street to an open field where the children were accustomed to play and where they were hidden from her view by billboards. The children crossed the field and went upon another street, the older brother first looking for vehicles and seeing none, and, while on the street, the younger boy was struck by an automobile which approached without its horn being blown. The automobile first nearly struck the older boy, who let go of his brother's hand to avoid being struck, and then it struck the younger boy with its front wheel when he was eighteen feet from the curb. The accident happened six or seven minutes after the children had left their mother. The driver in approaching had a clear view of the street and of both sidewalks, the road was not slippery, the automobile could have been stopped in eight feet, and it was approaching an intersecting street and was travelling at the rate of fifteen miles per hour. At the trial of an action by the boy against the driver of the automobile for personal injuries thus received, there was a verdict for the plaintiff, and, on exceptions by the defendant, it was *held*, that

(1) It could have been found that the plaintiff's seven year old brother, for a boy of his age, was reasonable in his care of the plaintiff;

(2) The evidence warranted a finding that the mother was not negligent in permitting the plaintiff to go into the field to play with his older brother and in allowing him to be out of her view for the time described;

(3) A finding that the driver was negligent was warranted.

TORT for personal injuries caused to a boy two years and nine months of age when he was run into by a motor vehicle driven by the defendant. Writ dated September 12, 1921.

In the Superior Court, the action was tried before *Lawton*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved for a verdict in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $1,875. The defendant alleged exceptions.

*F. J. Carney*, (*P. E. Troy* with him,) for the defendant.

*F. M. Ryder*, for the plaintiff.

SANDERSON, J. The plaintiff, a boy two years and nine months old, was injured on Albany Street in Cambridge by an automobile owned by the city and driven by the defendant, a foreman in its street department. The accident occurred near the center of the street about one hundred feet from Portland Street, toward which the automobile was moving. The defendant testified that his attention was first directed to the boy, by a man who was riding with him, when the boy was about three feet from the automobile.

This statement later was modified when he said he must have seen the boy when more than three feet away. He further stated that the boy, while going fast across the street in a diagonal course, ran into the automobile; that there was no automobile on his right but he thought there was one on his left although he did not know where it was; that there was nothing to obstruct his view of either the sidewalk or the street as the child was going the eighteen feet between the curbstone and the place of the accident; that he was driving about fifteen miles an hour, and at that speed could stop the car in eight feet. Albany Street at this point is a little over thirty-three feet wide from curb to curb.

The plaintiff, with four other children, lived with his parents on Main Street; the eldest, John, was then within a few days of seven years of age, and the youngest not old enough to walk. Their father, who was away from home at the time of the accident, kept a small store. The mother could not afford to hire a maid and did her own work. On the afternoon of the accident she was sitting on the door-steps holding her baby, watching the plaintiff and other children at play, and permitted the plaintiff with his brother John and a younger brother to cross Main Street to an open field in front of her home, where children were accustomed to play. This field extended from Main Street to Albany Street, but after the children had entered it, bill boards prevented the mother seeing them from her position on the steps where she remained until the accident occurred, six or seven minutes after the plaintiff left her.

The jury could have found that the older brother with the plaintiff was walking straight across Albany Street at the time of the accident; that before starting to cross the older brother looked for approaching automobiles and saw none; that when he, holding his brother by the hand, was out in the street, he saw the automobile about twenty-one feet away; that he was almost hit by it and let go of his brother to avoid being struck; that the left front wheel of the automobile hit the plaintiff; that no horn was blown; that the accident happened in the day time. while the defendant was operating an automobile in good condition upon

a road surface not slippery, approaching an intersecting street and two pedestrians crossing the street. In view of the testimony of the defendant, that he had a clear view of both sidewalks, it was for the jury to say whether, upon all the evidence, there was a parked automobile near the curb which concealed the plaintiff from his view at any time.

A child seven years of age may, without negligence on the part of its parents, be allowed on the streets unattended. *Mattey* v. *Whittier Machine Co.* 140 Mass. 337. *Hayes* v. *Norcross,* 162 Mass. 546. *Miller* v. *Flash Chemical Co.* 230 Mass. 419. *Bengle* v. *Cooney,* 243 Mass. 10, 13. In *Bliss* v. *South Hadley,* 145 Mass. 91, it was held that a parent might be found to have exercised reasonable care in placing a child one year and ten months old in charge of his eight year old brother, and that it could not be ruled that this brother was negligent if he failed to hold the child by the hand or to notice him at the moment when he left to cross the street. In *Marchant* v. *Boston & Maine Railroad,* 228 Mass. 472, due care of a custodian in entrusting a child two years and five months old to a girl seven years of age was for the jury, but the failure of this girl to exercise any care for the younger child was held to be negligence as matter of law. In the case to be decided it could have been found upon the evidence taken in the light most favorable to the plaintiff that the caretaker was exercising reasonable care for a boy of his age in protecting his younger brother from danger. *Butler* v. *New York, New Haven & Hartford Railroad,* 177 Mass. 191. *Sullivan* v. *Boston Elevated Railway,* 192 Mass. 37. *Dowd* v. *Tighe,* 209 Mass. 464. *Sughrue* v. *Bay State Street Railway,* 230 Mass. 363. *McDonough* v. *Vozzela,* 247 Mass. 552. *Pawloski* v. *Hess,* 253 Mass. 478. In so far as this older brother made inconsistent statements in his testimony, it was for the jury to say which, if either, of the statements they would believe. *Leavitt* v. *Leavitt,* 158 Mass. 355. *McCarthy* v. *Boston Elevated Railway,* 208 Mass. 512.

Under all the circumstances the jury could have found that the mother was not negligent in permitting the plaintiff to go into the field to play with his older brother, and allowing him to be out of her view for the period above stated.

*Bliss* v. *South Hadley, supra.    Marchant* v. *Boston & Maine Railroad, supra.    Butler* v. *New York, New Haven & Hartford Railroad, supra.* It was for them to give such weight to the testimony — that the mother knew the plaintiff had run away once before and had to keep her eye on the child — as they thought it was entitled to. Upon the testimony of the defendant that he could stop his automobile in eight feet, and that of other witnesses that the automobile was more than twenty feet from the plaintiff when he was crossing the street, the jury could have found that the defendant was negligent in not seeing the plaintiff in time to avoid the accident. *Quinn* v. *Boston Elevated Railway,* 214 Mass. 306, 310. *McDonough* v. *Vozzela, supra.* It must be assumed that appropriate instructions on all issues were given. *Wall* v. *Kelly,* 209 Mass. 370, 373.

*Exceptions overruled.*