FRANCIS STUCKER, by his next friend, Frank Stucker, *v.* AMERICAN STORES COMPANY, a corporation of the State of Delaware, and RAY WALLS.

(*March* 8, 1932.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Aaron Finger* (of Richards, Layton and Finger) for plaintiff.

*Clarence A. Southerland* (of Ward and Gray) for the American Stores Company, one of the defendants.

Superior Court for New Castle County; Action on the case for negligence, No. 117, January Term, 1931.

HARRINGTON, J., delivering the opinion of the Court:

The plaintiff claims that the declaration alleges a joint negligent act on the part of The American Stores Company and Ray Walls, and that it also alleges that their joint negligence was the proximate cause of his injuries. See *Hitchens v. Wil. & Phila. Trac. Co., et al,* 3 *W. W. Harr.* (33 *Del.*) 377, 138 *A.* 617.

The American Stores Company on the other hand claims:

1. That the declaration does not charge any negligence whatever on the part of that company.

2. That in any event it does not appear that the act of that company was the real or proximate cause of the plaintiff's injuries but that on the contrary, it clearly appears that such injuries were wholly caused by the negligent act of Ray Walls, the other defendant.

The first count of the declaration, in substance alleges:

1. That the American Stores Company sent the infant plaintiff, a boy of ten years of age, from its store, located at Twenty-fourth and Market Streets in the City of Wil-

mington, to deliver certain merchandise in a child's express wagon to a designated place in that city (No. 706 East Twenty-third Street).

2. That that company knew, or should have known, that it was dangerous for the said infant plaintiff to so travel with said merchandise from its said store to the designated place of delivery, and that it was, therefore, guilty of negligence in having requested or directed him to so make such delivery.

3. That while the infant plaintiff was traveling on and upon Twenty-third Street in the act of conveying said merchandise to the designated place of delivery, he was negligently and carelessly hit and injured by a motor vehicle driven by Ray Walls, the other defendant, on the left hand side of Twenty-third Street in the direction in which the said Ray Walls was then operating his said motor vehicle.

The theory of the declaration apparently was that the American Stores Company was responsible for placing the infant plaintiff in a position of danger by sending him on an errand which it knew, or should have known, was dangerous; that by reason of his infancy he did not know, or could not appreciate, or discover such dangers, and that his injuries were in part caused thereby though in connection with the joint negligent act of Ray Walls, the other defendant.

Whether it is dangerous for a young boy to be on the public roads or streets of the City of Wilmington with an express wagon, and, therefore, whether from a legal standpoint it constituted negligence to send the plaintiff with such a wagon on the errand mentioned in the declaration, necessarily depends on the facts of the particular case. *Mulligan v. Curtis,* 100 *Mass.* 512, 97 *Am. Dec.* 121; *McDermott v. Bost. El. Ry. Co.,* 184 *Mass.* 126, 68 *N. E.* 34, 100 *Am. St. Rep.* 548; *Slattery v. Lawrence Ice Co.,* 190 *Mass.* 79, 76 *N. E.* 459; *Pinto v. Brennan,* 254 *Mass.* 298, 150 *N. E.* 86; *Regan v. International R. Co.,* 205 *App. Div.* 425,

199 *N. Y. S.* 601; *Ryczko v. Klenotich,* 204 *App. Div.* 693, 198 *N. Y. S.* 473; *Barker v. Savas,* 52 *Utah* 262, 172 *P.* 672; *Saxton v. Pittsburgh Rys. Co.,* 219 *Pa.* 492, 68 *A.* 1022.

That it might constitute negligence in some cases is conceivable, but the question for us to determine is whether the first count of the declaration in this case alleges any such negligence on the part of the American Stores Company.

The plaintiff is alleged to be a boy of about the age of ten years and we are not prepared to say that without the allegation of some additional facts it necessarily constituted negligence to send him on an errand from Twenty-fourth and Market Streets to 706 East Twenty-third Street of the City of Wilmington, though with a child's express wagon. See cases above cited.

The relation of principal and agent between the American Stores Company and the infant plaintiff appears, as it is alleged that that company requested and directed the plaintiff to deliver certain merchandise and that the employee of the American Stores Company making such request or giving such directions was acting within the scope of his duty in causing the merchandise in question, to be delivered from said store.

That generally speaking there is a duty on the part of the principal not to send the agent into a place of danger where such danger, though known to the principal, is not known to the agent and is of such a character that it cannot be discovered by the exercise of ordinary care and caution on his part and may, therefore, be classed as a concealed danger is not denied. Nor is the fact that the violation of such duty constitutes negligence denied. *Leech v. Husbands,* 4 *W. W. Harr.* (34 *Del.*) 362, 152 *A.* 729.

Before the enactment of the *Workmen's Compensation Act* perhaps the most usual application of this general principle was to cases where the master knowing the dangers but without giving an inexperienced servant any notice of

them assigned him an unsafe place to work. *Kemp v. McNeil, etc., Co.,* 7 *Boyce* (30 *Del.*) 146, 104 *A.* 639; *Derrickson v. Commissioners of Town of Harrington,* 3 *W. W. Harr.* (33 *Del.*) 412, 138 *A.* 645.

 But does the plaintiff state a case of that character? The demurrer admits all facts properly pleaded, but it admits no other allegations, and every inference is against the pleader. There is no specific allegation that the infant plaintiff did not know or could not appreciate the alleged dangers known to the American Stores Company and incurred by him in carrying out the direction or request of that company. His infancy is admitted by the demurrer; but even conceding for the sake of argument that because of that allegation less particularity as to lack of knowledge or ability to appreciate dangers was required than in the case of an adult, the declaration does not properly set out any negligence on the part of the American Stores Company.

It does allege that it was dangerous for the infant plaintiff to undertake to perform the service requested of him by the American Stores Company, but no facts are alleged from which the existence of such dangers whether by reason of unusual traffic or otherwise fairly appear.

 It is a general rule that it is not necessary to plead evidence [*Kent County Motor Co. v. Pure Oil Co.,* 3 *W. W. Harr.* (33 *Del.*) 538, 140 *A.* 646] but enough facts must be stated for the rights of the plaintiff against a defendant to fairly appear. *O'Brien v. Wilmington Provision Co.,* 4 *W. W. Harr.* (34 *Del.*) 214, 148 *A.* 294; 1 *Chitty on Pl.* 218. Anything else constitutes an unwarranted conclusion on the part of the pleader.

 Judged by these standards the declaration does not properly set out any negligence on the part of the American Stores Company.

In support of his contention that the first count of the declaration is sufficiently definite for the question of negli-

gence on the part of the American Stores Company to be submitted to the jury, the plaintiff cites *Arkansas Valley Trust Co. v. McIlroy,* 97 *Ark.* 160, 133 *S. W.* 816, 31 *L. R. A. (N. S.)* 1020, and *Rosenberg v. Durfee,* 87 *Cal.* 545, 26 *P.* 793, but neither of these cases involve questions of pleading and neither of them support his contention.

But though it be conceded for the sake of argument that the first count of the declaration sets out a negligent act on the part of the American Stores Company it does not appear that such act was the real or proximate cause of the plaintiff's injuries. On the contrary, it appears that such injuries were caused by the separate and distinct wrongful and negligent act of Ray Walls, the other defendant, in driving on the wrong side of the street.

There may be cases where the act of an independent third person will not break the causal connection between the original negligent act of one person and the injury suffered by another, as in the instinctive acts of third persons in the old *Squib Case,* 2 *W. Bl.* 892, 3 *Wils.* 403, so frequently cited (*Scott v. Shepherd,* 2 *W. Bl.* 892, 96 *Eng. Repr.* 525),[1] but this is not a case of that character.

In commenting on the *Squib Case,* the Court, in *Sandel v. State,* 115 *S. C.* 168, 104 *S. E.* 567, 569, 13 *A. L. R.* 1268, said:

"The test, therefore of the sufficiency of intervening causes to defeat recovery is not to be found in the mere fact of their existence or number, but rather in their nature, and the manner in which they affect the continuity of the operation of the primary cause, or the connection between it and the injury. If they so affect it that the injury cannot fairly be said to be the natural and probable consequence of the primary cause, they become the proximate or efficient, and the primary become the remote, cause. The law does not go back of the last efficient cause."

Applying this general principle the Court in *Hartnett v. Boston Store,* 265 *Ill.* 331, 106 *N. E.* 837, 839, *L. R. A.*

---

[1] While involving injuries caused by the act of the plaintiff himself, when suddenly placed in a position of danger by the negligence of the defendant, see *Eaton v. Wilmington City Ry. Co.,* 1 *Boyce* (24 *Del.*) 435, 75 *A.* 369.

1915C, 460, said: "If the negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the creation of the condition is not the proximate cause of the injury."

In *Miller v. Bahmmuller*, 124 *App. Div.* 558, 108 *N. Y. S.* 924, the Court also said: "The negligence charged was the maintenance by the defendants of an open, unguarded cellarway on their premises near the sidewalk. The plaintiff, a little boy eight years of age, was sitting on the step by the side of the cellarway, when one of the defendants kicked him and caused him to fall into the cellarway, sustaining injuries from which he has recovered. The plaintiff's theory is that the open cellarway was one of the proximate causes of the injuries; that that and the assault were concurrent causes. We do not think so. The plaintiff's cause of action, if any, is for assault against the person who committed the assault."

See, also, *Alexander v. Town of New Castle*, 115 *Ind.* 51, 17 *N. E.* 200; *Anderson v. Baltimore & O. R. Co.*, 74 *W. Va.* 17, 81 *S. E.* 579, 51 *L. R. A. (N. S.)* 888; *Teis v. Smuggler Mining Co. (C. C. A.)*, 158 *F.* 260, 15 *L. R. A. (N. S.)* 893.

The principles announced in these cases are controlling here.

For the reasons above given, the demurrer is sustained.

NOTE—For proceedings in the Supreme Court, see *Stucker v. Amer. Stores Co.*, 5 *W. W. Harr* (35 *Del.*) 594, 171 *A.* 230.