FRANCIS STUCKER, by his next friend, Frank Stucker, plaintiff below, plaintiff in error, *v.* AMERICAN STORES CORPORATION, a corporation of the State of Delaware (which was sued with Ray Walls), defendant below, defendant in error.

(*January* 16, 1934.)

WOLCOTT, Chancellor, LAYTON, C. J., RODNEY and REINHARDT, J. J., sitting.

*Aaron Finger* (of Richards, Layton and Finger) for plaintiff below, plaintiff in error.

*Clarence A. Southerland* (of Ward and Gray) for defendant below, defendant in error.

Supreme Court, No. 5, January Term, 1933.

Writ of Error to the Superior Court for New Castle County, No. 117, January Term, 1931.

WOLCOTT, Chancellor, delivering the opinion of the Court:

The action below was instituted by the next friend of Francis Stucker, a boy ten years of age (herein referred to as the plaintiff) against American Stores Company, a corporation of this state (herein called the defendant) and one Ray Walls, charging the defendants with liability for a tortious injury sustained, by the plaintiff. The case here may be considered as against American Stores Company, it being the sole party defendant in error.

The original declaration contained only one count, to which the defendant, American Stores Company, demurred. The court below filed an opinion sustaining the demurrer, holding that no cause of action was shown against the defendant.[1] Thereupon the plaintiff amended his declaration by substituting a new count for the one found insufficient. A demurrer was filed to the amended count, which was sustained by the court below without further opinion. We assume that the court below, in sustaining the demurrer to the amended declaration, rested its decision upon the reasons which it gave in the opinion which it delivered in sustaining the demurrer to the original declaration. The attorneys for the parties have so treated the matter and have accordingly directed their arguments in this court to the soundness of the propositions of law announced by the court below in the opinion above referred to.

We refrain from describing the case as made out by the averments of the original declaration, which the court below held to be insufficient. We direct our attention imme-

---

[1] *Stucker v. Amer. Stores Corp.*, 5 *W. W. Harr.* (35 *Del.*) 586, 159 *A*. 848.

diately to the amended declaration with the view of answering the question, which the writ of error propounds, of whether the court below was correct in concluding that the amended declaration failed to state a cause of action against the defendant.

The averments of the amended declaration are that the defendant, through its servant, sent the plaintiff, a boy of about ten years of age, upon an errand to deliver some merchandise from the defendant's store, in the city of Wilmington, to a place about eight city blocks distant therefrom; that the merchandise was loaded on a boy's express wagon owned and supplied by the defendant; that it was necessary for the plaintiff in making the delivery "to travel over and near streets and crossings where there was considerable traffic by motor vehicles and necessarily to be subjected to dangers to which a child of his years would naturally be subject from such traffic, and of which a child of his years would not and could not know or appreciate and against which he could not reasonably or adequately protect himself, and particularly to be subjected to the well known dangers of such traffic to a child of his years arising from the careless operation of motor vehicles on the highways, of all of which said servant of said American Stores Company had knowledge or should have had knowledge; that said servant of said American Stores Company thereby then and there sent said infant into a place of danger, of which said servant of said American Stores Company had knowledge or should have had knowledge, but of which said infant did not have knowledge and the dangers of which he could not appreciate by reason of his tender years;" that the servant of the defendant knew or should have known that it was dangerous for the plaintiff to travel with the said merchandise on said errand; that the defendant was, through its servant, negligent in thus sending the plaintiff upon said errand; and that while the plaintiff was doing the errand and was travelling upon

Twenty-third Street between Pine and Spruce Streets, he was struck by an automobile driven by Walls whereby he was injured; and that his injury was caused by the concurring negligence of the defendant and Walls, the negligence of the former consisting in the sending of the plaintiff into a place of danger, viz., the streets, and the negligence of Walls consisting in his driving his automobile upon the wrong side of the street, viz., upon the side to the left of the direction he was travelling.

The court below sustained the demurrer on two grounds. These were first, that the declaration averred no such dangerous conditions of the streets as would make it negligence for the defendant to send a boy ten years of age upon them for the purpose of delivering merchandise; and, second, even if it were conceded that it was negligence for the defendant to subject the boy to the dangers of traffic, the act of Walls in negligently driving on the wrong side of the street was an independent, intervening proximate cause which broke the causal connection between the defendant's assumed original negligence and the plaintiff's injury, and, therefore, the defendant is not liable.

The defendant relies upon both of these grounds in its argument in this court in support of the judgment of the court below upon the demurrer.

We direct our attention first to the question—does the declaration show the defendant to have been guilty of negligence towards the plaintiff? The negligence, if any, consisted in sending a boy of ten years to do an errand, which required him to travel over streets known by the defendant to be so full of hazards due to traffic that a boy of his years would be incapable either of appreciating their presence or of exercising care in their avoidance.

The boy is not alleged to have been subnormal in any way. We, therefore, must assume him to have been normal in every way, possessed of all the faculties and qualities usually expected to be found in boys of his age.

■ It is not alleged that the boy was required to travel in the road bed where vehicles were travelling in order to perform his task. Yet, that is where he was travelling. So far as appears, he had the choice of drawing the express wagon either over the sidewalk or out in the road. To say that a normal ten-year old boy has not sufficient discretion to exercise care in making choice of a road-bed for travel, especially where "considerable traffic" is traversing it, in preference to the safety of a sidewalk, is going, we think, far beyond the limits which everyday observation of youthful behavior sets as the boundary of a normal ten-year old boy's competency. *Cleveland, etc., Ry. Co. v. Keely,* 138 *Ind.* 600, 37 *N. E.* 406; *Pinto v. Brennan,* 254 *Mass.* 298, 150 *N. E.* 86; *Saxton v. Pittsburgh Rys. Co.,* 219 *Pa.* 492, 68 *A.* 1022; *Mulligan v. Curtis,* 100 *Mass.* 512, 97 *Am. Dec.* 121; *Slattery v. Lawrence Ice Co.,* 190 *Mass.* 79, 76 *N. E.* 459; 3 *Cooley on Torts* (4th Ed.), *p.* 432.

If the case had proceeded to trial and the evidence had shown no more than the declaration avers, we are of the opinion that the trial court should have given binding instructions for the defendant. That being so, there was no error in the judgment entered upon the sustaining of the demurrer.

■ As to the second ground upon which the judgment of the court below rested, viz., that, even if the defendant was negligent, the negligent act of Walls constituted an independent, intervening proximate cause that broke the causal chain linking the defendant's assumed negligence with the injury, we are not prepared to agree that it is tenable. This ground concedes, for the moment, that the plaintiff was of such immature years that he lacked the ability to take care of himself on streets where there was "considerable traffic," so that it would be negligence in any one to send him out and expose him to the dangers of traffic.

But supposing the plaintiff to have been so immature in his development as not to be able to take care of himself in the presence of the traffic dangers to which he was exposed, would the fact that an automobile driver, himself negligent, struck the plaintiff, exonerate the one who exposed him from responsibility?

To answer that question in the affirmative, would be to say that the exposer was justified in anticipating the child would encounter no traffic conditions in which reckless or careless persons were participants. This would be a violent assumption.

Where the negligence of the defendant concurs with the subsequent negligence of a third party, the question of whether the injury is attributable in law to the latter as the proximate intervening cause to the exclusion of the former from the law's contemplation as a responsible contributing factor, depends upon the circumstances.

■ The question of proximate cause is usually for the jury, as it is generally a mixed question of law and fact. "But where the facts are undisputed and the inferences to be drawn from them are plain and not open to doubt by reasonable men, it is the duty of the court to determine the question as a matter of law." *Cooley on Torts* (*4th Ed.*) 50, *p*. 121.

■■ Damage cannot be attributed to a given negligent act as the proximate cause, when it appears that subsequent to that negligence a new and independent and unexpected factor intervenes which itself appears to be the natural and real occasion of the mischief. 1 *Street's Foundation of Legal Liability,* 120. In *Harrison v. Berkley,* 1 *Strob.* (*S. C.*) 525, 47 *Am. Dec.* 578, it is held that the intervening negligence, if it be such as to constitute an independent proximate cause as the sole legal cause, must have been such as to have been so "extraordinary" as that the usual course of nature should seem to have been departed from. "Unexpected," as used by Street, and "ex-

traordinary," as used by the South Carolina court in *Harrison v. Berkley,* are terms antithetical to "fairly anticipate" as used in *Williams v. Koehler,* 41 *App. Div.* 426, 58 *N. Y. S.* 863, and "unreasonably expected" as used in *Cleveland, etc., Ry. Co. v. Clark,* 51 *Ind. App.* 392, 97 *N. E.* 822, and "not improbable" as used in the Irish case of *Sullivan v. Creed,* 2 *I. R.* 317. These antithetical terms were used in the cases referred to as descriptive of the sort of acts of negligence of a third party which, though intervening between the injury and the defendant's original negligence, will nevertheless not exonerate the defendant from responsibility. In *Lane v. Atlantic Works,* 111 *Mass.* 136, the intervening act of a third party was said not to relieve the defendant from liability for his wrongful act, if the former was such as "ought to have been foreseen," or "if, according to the usual experience of mankind, the result ought to have been apprehended." In that case the Court said, we think correctly, that "the test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise."

Experience shows that traffic is a mixture of both careful and careless operations, and any one exposing a helpless person to traffic dangers must know that those dangers are not only such as arise from vehicles carefully managed but as well as from those that are negligently managed. In other words, it is exposure to a situation of danger in which there may be not only persons who are careful and as a result thereof the danger will result in no injury, but in which there may also be other persons who are reckless, and as a result thereof the danger will result in injury. Any one ought to know that the condition is one compounded of the acts of all sorts of people—careful ones, less careful ones, negligent ones and extremely reckless ones. The acts we speak of are, as human nature goes, naturally to be foreseen as possible as among the usual

incidents of traffic. The fact that most people are careful in traffic does not justify any one in thinking that none will be negligent. Therefore, the presence of a negligent driver of an automobile in the highway is not a thing that one has no right to anticipate. The presence of such a person is not so unusual as not to be reasonably probable. It is not at all such a rare and exceptional thing as is the presence of one who could kick another down an open cellárway, as was the case in *Miller v. Bahmmuller,* 124 *App. Div.* 558, 108 *N. Y. S.* 924. No one has a right to expect that a child sent out on the street would meet with kickers of people down cellar-ways. A reasonable person must be held to realize that the automobile traffic on a street may be full of hazards to a pedestrian not only because of the bustle of traffic due to carefully óperated machines, but as well because of the extraordinary behavior of careless people. It is the usual thing for traffic to contain bad and careless drivers. Exposure to traffic is an exposure to the careless as well as to the good drivers.

Granting that Walls' act was an intervening cause, yet, if the plaintiff was incapable of taking care of himself, the defendant, it may be said, should have anticipated the possibility of the occurrence of such intervening cause. If so, the defendant exposed the plaintiff to it. Why cannot one be guilty of wrongfully exposing another to a third person's negligence? If so, why should not a defendant, in a case where it is his duty to avoid the negligent exposure of another to danger, be held to responsibility for exposing him to the danger of a third party's reasonably-to-be-anticipated-as-possible negligence? We are of the opinion that the judgment below should be affirmed on the ground first above stated in its support.