FRANK A. TORRACK and ELIZABETH M. TORRACK, Plaintiffs, v. CORPAMERICA, INC., a Delaware corporation, Defendant.

*(September* 5, 1958.)

CHRISTIE, J., sitting.

*James R. Morford* and *George L. Sands* for the plaintiffs.

*Samuel R. Russell, Jr.,* for the defendant.

Superior Court for New Castle County, No. 1188, Civil Action, 1957.

CHRISTIE, J.:

Plaintiffs have brought this action for property damage, for personal injuries to the plaintiff, Elizabeth M. Torrack, and for loss of her consortium, alleged to have resulted from a fire which originated on defendant's premises. These premises consisted of a vacant building located next door to the plaintiff's home.

Plaintiffs allege that defendant is liable because it was negligent in maintaining a fire hazard. Defendant seeks summary judgment contending that the criminal act of another was an intervening cause which relieves defendant of liability.

On defendant's motion for summary judgment, the facts must be viewed in the light most favorable to the plaintiff.

*Engle v. Poland,* 1952, 8 *Terry* (47 *Del.*) 365, 91 *A.* 2d 326. So viewed, there is evidence from which a jury could find the following facts:

Defendant allowed its building to fall into a state of disrepair, and as a result the property was frequented by children and vagrants. Plaintiff complained about the condition of the building to the Fire Marshal and to the defendant.

After an inspection of the property, the Fire Marshal deemed it a fire menace and wrote a letter to the City Building Inspector recommending that the building be taken down immediately. This letter was dated July 13, 1956. No effective measures were taken to correct the hazard.

On May 6, 1957, one Howard T. Jones entered the defendant's premises and deliberately started a fire which spread throughout the building and damaged plaintiffs' property next door. Jones was arrested and convicted of the crime of burning property. Subsequently, he was committed to Delaware State Hospital for treatment.

It is well settled that there is no liability for a negligent act unless that act is the proximate cause of the harm. And further,

"It may be stated as a general rule that when, between original negligence and an accident, there intervenes a wilful, malicious, and criminal act of a third person which causes the injury, but was not intended by the person originally negligent and could not have been foreseen by him, the causal chain between the original negligence and the accident is broken." 78 *A. L. R.* 471, 472. It is important to note that the intervention of a criminal act does not necessarily interrupt the relation of cause and effect between negligence and injury. "If, at the time of the negligence, the criminal act might reasonably have been foreseen, the causal chain is not broken by the intervention of such act." 38 *Am. Jr.* 729.

The principle that an intervening criminal act will not relieve defendant of liability if the act was foreseeable is well illustrated by the better reasoned cases involving theft of cars which had been left unlocked. In these cases, a defendant leaves his car unlocked and with the key in the ignition contrary to a statute. A thief makes off with the car and injures plaintiff or damages plaintiff's property. The courts have refused to rule, as a matter of law, that the action of the thief was a superseding cause, and have left the question of foreseeability and proximate cause to the jury. *Ostergard v. Frisch*, 1948, 333 *Ill. App.* 359, 77 *N. E.* 2d 537; *Ney v. Yellow Cab Co.*, 1954, 2 *Ill.* 2d 74, 117 *N. E.* 2d 74, 51 *A. L. R.* 2d 624; *Garbo v. Walker, Ohio Com. Pl.* 1955, 129 *N. E.* 2d 537.

Apparently, the point in issue has not previously been decided in this state. Plaintiff, however, has cited two cases from other jurisdictions, which cast some light on the problem. The facts in each of these cases have some points in common with the facts of the case now before the Court.

The defendant in *Prince v. Chehalis Savings & Loan Association*, 1936, 186 *Wash.* 372, 58 *P.* 2d 290, 61 *P.* 2d 1374, permitted some of its buildings to fall into a state of acute disrepair. Children were allowed to play on the premises, and tramps were known to frequent the place at night. A fire of unknown origin started in defendant's garage, spread to an adjoining rooming house, and then to plaintiff's dwelling house several lots away. The appellate court, in affirming a judgment for the plaintiff, found that there was evidence that defendant negligently maintained a fire hazard. The Court reasoned that it was foreseeable that a fire could start, and, if it did, that it would spread and damage plaintiff's property.

In *Arneil v. Schnitzer*, 1944, 173 *Or.* 179, 144 *P.* 2d 707, defendant purchased a sawmill in the middle of a forest. He began to dismantle the mill and in doing so, left the building open and allowed piles of shingles and oil soaked sawdust to accumulate. The state forester warned defendant that this was a fire

hazard, but defendant did nothing to remedy the situation. One Ellis Miller gained entrance to the mill and set a fire, which burned down the mill and plaintiff's home nearby. In affirming a judgment for the plaintiff, the appellate court held that there was evidence that defendant negligently maintained a fire hazard and could reasonably foresee that an Ellis Miller would come along and apply the match. The Court said,

"The duty to refrain from littering one's premises with inflammable material is imposed for the protection of the neighbors, and a person who breaches that duty thereby creates a causal connection between his negligent act and his neighbor's loss if a fire starts among the debris." (144 *P.* 2d at page 717.)

 I conclude that the proper rule in this case is: the criminal act of one who illegally starts a fire does not relieve the owner of the premises of liability for damages caused by the fire where: (1) the owner negligently maintained a fire hazard, and (2) the possibility of arson or some other criminal act from which fire would result was reasonably foreseeable, and (3) the existence of such fire hazard was a proximate cause of the damage. Under this rule, the Court will not here preclude liability as a matter of law merely because a criminal act took place. The jury must determine under a proper charge whether the three elements listed above are here present. There are facts in the record on which a jury could base a verdict for plaintiff.

Defendant's motion for summary judgment is denied.