**LAVENTHOL, KREKSTEIN, HORWATH & HORWATH and Horwath & Horwath, Defendants below, Appellants,**

v.

**Mervyn TUCKMAN, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 20, 1976.

Decided Nov. 23, 1976.

David A. Drexler and William T. Allen, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants below-appellants.

Thomas G. Hughes, of O'Donnell & Hughes, P. A., Wilmington, and James M.

Richardson, of Spector Cohen Hunt & Rosen, Philadelphia, Pa., of counsel, for plaintiff below-appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

This litigation is an aftermath of the merger of Aerosonic Corporation (Old A. Corp.), a Florida corporation, into Instrument Technology Corporation (I.T.C), a Delaware corporation. After the merger I.T.C. changed its name to Aerosonic Corporation (New A. Corp.).

■ The appeal is from an order of the Court of Chancery denying a motion to dismiss the complaint.[1] Two questions are submitted for decision: (1) Is the order denying the motion reviewable under the law governing interlocutory appeals, and (2) Is the rule of *Bovay v. H. M. Byllesby & Co.*, Del.Supr., 27 Del.Ch. 381, 38 A.2d 808 (1944), applicable to an action for damages against alleged co-conspirators of corporate fiduciaries. We hold that the order is appealable and that the *Bovay* exception was properly applied to this case.

## I

In late 1968 or early 1969, I.T.C. entered into an agreement with Herbert J. Frank, president and controlling stockholder of Old A. Corp., for the purchase of his interest in that company. Following completion of the sale, I.T.C. undertook to merge Old A. Corp. into itself, a process which required approval of the shareholders of Old A. Corp. To implement that decision, management of Old A. Corp. caused a proxy statement to be issued preliminarily to a meeting of its shareholders. Shareholder approval was given to the merger during a special meeting held on January 9, 1970, and the merger was consummated three days later.

Plaintiffs are stockholders of Old A. Corp. On January 15, 1973 they filed a derivative and class action in the Court of Chancery against Frank and other present and former directors of Old A. Corp., New A. Corp. and I.T.C. In brief, the complaint states a wide-ranging violation of fiduciary duties, centered around overvaluation of I.T.C.'s assets, owed to Old A. Corp. and its shareholders by Frank and the other individual defendants.

The complaint joins as parties defendant the firm of Laventhol, Krekstein, Horwath & Horwath, the certified public accountant for I.T.C., and Horwath & Horwath, the certified public accountant for Old A. Corp.[2] and charges that they conspired with the directors of the respective corporations to defraud the shareholders of Old A. Corp.; specifically, it is charged that they "knew that the Financial Statements included in the Proxy Statement failed adequately to disclose" facts stated elsewhere in the complaint and that they "knew, or should have known, that the Proxy Statement was materially deficient, . . . false and misleading . . . ."

Defendants' motion to dismiss the complaint was based on the undisputed fact that the claim against them is for money damages only and, relying on such cases as *Bokat v. Getty Oil Company,* Del.Supr., 262 A.2d 246 (1970), they say that the claim is barred by the three-year statute of limitations, 10 *Del.C.* § 8106.

Ordinarily, we consider the appealability of an interlocutory order before reviewing its merits but, under the circumstances here presented, we must scrutinize the Trial Court's ruling before we can determine its appealability. And so we focus first on the Chancery Court's determination.

## II

■ Generally speaking, an action in the Court of Chancery for damages or other

1. The issue in the Trial Court was submitted on the complaint and the motion to dismiss and, for present purposes, the well-pleaded facts in the complaint are assumed to be true. Cf. *Danby v. Osteopathic Hospital Ass'n of Dela-* ware, 34 Del.Ch. 172, 101 A.2d 308 (1953), aff'd 34 Del.Ch. 427, 104 A.2d 903 (1954).

2. Both firms are referred to herein as "defendants."

relief which is legal in nature is subject to the statute of limitations rather than the equitable doctrine of laches. *Bokat v. Getty Oil Company* supra. There is, however, an established exception to this principle which denies its protection to those who owe a fiduciary duty to a corporation. In brief, the benefit of the statute of limitations will be denied to a corporate fiduciary who has engaged in fraudulent self-dealing. *Bovay v. H. M. Byllesby & Co.* supra; *Halpern v. Barran*, Del.Ch., 313 A.2d 139 (1973). In *Bovay* Chief Justice Layton said this:

"Sound public policy requires the acts of corporate officers and directors in dealing with the corporation to be viewed with a reasonable strictness. Where suit is brought in equity to compel them to account for loss or damage resulting to the corporation through passive neglect of duty, without more, the argument that they ought not to be deprived of the benefit of the statute of limitations is not without weight; but where they are required to answer for wrongful acts of commission by which they have enriched themselves to the injury of the corporation, a court of conscience will not regard such acts as mere torts, but as serious breaches of trust, and will point the moral and make clear the principle that corporate officers and directors, while not in strictness trustees, will, in such case, be treated as though they were in fact trustees of an express and subsisting trust, and without the protection of the statute of limitations . . . ."

Here, the Trial Court enlarged the *Bovay* exception in ruling on the motion to dismiss; the Chancellor refused to apply the three-year statute of limitations for the benefit of certified public accountants who allegedly conspired with corporate fiduciaries to defraud the shareholders of Old A. Corp. The Court said:

"The question then becomes one of policy. Should those who conspire to defraud with self-dealing fiduciaries be bound by the same standard for statute of limitations purposes as the fiduciaries themselves? Compare *Jackson v. Smith*, 254 U.S. 586, 41 S.Ct. 200, 65 L.Ed. 418 (1921).

The answer to the question is difficult in the relative vacuum of the bare pleadings. But, if outside experts, on whom many must depend for the integrity of corporate affairs, knowingly conspire with self-dealing fiduciaries to defraud those very persons who in practicality must rely on their advice, it is difficult to see why the same trust principles of *Bovay* should not apply for statute of limitations purposes.

Accordingly, as to the Fifth Cause of Action, I think the *Bovay* exception is applicable and the motion to dismiss on the bare plea of the Statute of Limitations should be denied."

Defendants contend that such enlargement is unwarranted and unwise. Relying on *Bokat*, among other cases, they argue that the *Bovay* exception is not applicable "where consequential damages are sought or where the defendants are not alleged to have wrongfully diverted corporate assets for their own benefit."

The complaint alleges fraudulent self-dealing on the part of the directors of Old A. Corp. and of I.T.C. As to these defendants, of course, the minimum requirements of *Bovay* have been satisfied.

The complaint charges that the defendant-accountants conspired with the directors of those two corporations to defraud the stockholders of Old A. Corp. It is a fundamental principle of our jurisprudence that co-conspirators are jointly and severally liable for the acts of their confederates committed in furtherance of the conspiracy, *Board of Education, Asbury Park v. Hoek*, 38 N.J. 213, 183 A.2d 633 (1962); *15A C.J.S.* Conspiracy (Several Liability) § 18, and cases cited therein. Further, persons who knowingly join a fiduciary in an enterprise which constitutes a breach of his fiduciary duty of trust are jointly and severally liable for any injury which results. *Jackson v. Smith*, 254 U.S. 586, 41 S.Ct. 200, 65 L.Ed. 418 (1921).

For present purposes, it appears that both classes of defendants, fiduciaries and accountants, stand in the same position un-

der the principles of law governing the merits of the complaint and there is, therefore, no reason why the principles of law governing applicability of the statute of limitations should not apply in like manner. In short, enlargement of the *Bovay* exception was both logical and proper. We so hold.

### III

As to appealability of the Chancery ruling, this Court is authorized to receive interlocutory appeals, *Constitution*, Art. IV, § 11(4), but an appeal may be heard at that stage only if the order determined a substantial issue and established a legal right. Cf. *Pepsico v. Pepsi-Cola Bottling Co. of Asbury Park,* Del.Supr., 261 A.2d 520 (1969). Both requirements are essential to jurisdiction. In testing an order of a Trial Court for appeal purposes, the form thereof is not controlling; we look to the substance of what the Court did, not merely to the procedural context in which the judgment was made. *Wilmington Trust Company v. Pennsylvania Company,* Del.Supr., 40 Del.Ch. 1, 172 A.2d 63, 67 (1961).

In this case the Chancellor's order enlarged an exception to the rule generally followed in the Court of Chancery when determining whether to apply a statute of limitations and by his ruling obliged the appealing defendants to go to trial on the complaint. In our view, that meets the appeal criteria.

Affirmed.