**Angelia SIRMANS, Individually and as Next Friend of Tiffany S. Sirmans and Priscilla S. Sirmans, Plaintiffs Below, Appellants,**

v.

**Denzil PENN, Jr., Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: Dec. 18, 1990.
Decided: April 2, 1991.
As Corrected April 11, 1991.

Bayard Marin (argued), Wilmington, for appellants.

Paul M. Lukoff (argued), and Robert H. Sweeney, Jr. of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellee.

Before HORSEY, WALSH and HOLLAND, JJ.

HORSEY, Justice:

This appeal raises an issue of tort law involving the foreseeability of negligent conduct leading to injury, the cause of which is an intervening criminal act of a third party. Plaintiff Angelia Sirmans, injured without fault when struck by a stolen motor vehicle, sued Denzil Penn, Jr., the owner of the vehicle, for negligence proximately causing her injuries. Following a jury trial verdict for defendant Penn, plain-

tiff Sirmans appeals Superior Court's denial of her motion for a new trial.

Sirmans asserts two grounds for reversible error: (1) that the jury was confused as a result of the trial court's misreading of a portion of its instruction on foreseeability; and (2) that the court misstated Delaware law on foreseeability of risk of injury from negligent conduct. The court defined foreseeability in terms of probability ("more likely than not") rather than in terms of whether the event causing injury was "reasonably foreseeable."

On the first issue, we find that any confusion in the court's original misreading to the jury of a portion of its instruction was cured and therefore harmless. However, on the second issue, we find the court to have committed reversible error. The court erred in defining the foreseeability of an intervening event as a predicate for finding defendant's negligence to be the proximate cause of injury from such event. The court erroneously defined foreseeability in terms of "more likely than not" rather than applying the proper standard of "reasonable foreseeability." We accordingly reverse and remand for a new trial.

## I

Sirmans' claim for personal injuries arises out of a pattern of facts which are largely undisputed. On February 1, 1987, at 1:00 a.m., defendant drove his car to a relative's residence in a location described at trial as a high crime area. Without turning off the engine or removing the keys from the ignition, in violation of 21 *Del.C.* § 4182, Penn went to the door of his aunt's townhouse, located several townhouses away from the street. The car was then stolen by an unknown individual. Shortly thereafter, around 1:20 a.m., the unknown individual, driving Penn's stolen vehicle on an icy road, crossed over the center road line and struck Sirmans in a head-on collision. Sirmans, who was without fault, sustained head, neck, leg and chest injuries.

## II

The test for determining the appropriateness of jury instructions is well settled: "a trial court's instructions will not be the basis for reversible error if they [correctly state the law and] 'are reasonably informative and not misleading, judged by common practices and standards of verbal communication.'" *Haas v. United Technologies Corp.*, Del.Supr., 450 A.2d 1173, 1179 (1982) *appeal dismissed*, 459 U.S. 1192, 103 S.Ct. 1170, 75 L.Ed.2d 423 (1983) (quoting *Baker v. Reid*, Del.Supr., 57 A.2d 103, 109 (1947)); *Culver v. Bennett*, Del.Supr., 588 A.2d 1094, Holland, J. (1991). We will reverse if the trial court's failure to give appropriate instructions to the jury undermined the jury's ability to "intelligently perform its duty in returning a verdict." *Haas*, 450 A.2d at 1179 (quoting *Newnam v. Swetland*, Del.Supr., 338 A.2d 560, 562 (1975)); *Storey v. Castner*, Del. Supr., 314 A.2d 187, 194 (1973). In examining jury instructions under this test, we view the jury charge as a whole with no individual statement read out of context. *Haas*, 450 A.2d at 1179. The standard is not one of perfection; "some inaccuracies and inaptness in statement are to be expected in any charge." *Id.* (quoting *Baker v. Reid*, 57 A.2d at 109). However, "a party does have the unqualified right to have the jury instructed with a correct statement of the substance of the law." *Culver v. Bennett*, at 1096.

### A

Sirmans first contends that the jury was confused by the trial court's misreading of an important part of the instruction, and that the confusion was not properly corrected. After instructing the jury generally on foreseeability, the appropriateness of which is the subject of plaintiff's second claim of error, the trial court illustrated the application of foreseeability to the facts in the following manner:

Mr. Penn has admitted he left his vehicle running with the keys in the ignition. That is the original negligence. A third person, the unknown driver of the vehicle, caused the accident by driving the vehicle on the wrong side of the road. If

you find both—if you find that both the theft of Mr. Penn's car and the subsequent accident could not have been foreseen by a reasonably prudent person, then you will find the causal chain between the original negligence and the accident to be *broken*. If you find that only the theft of the car was foreseeable, but that the accident was not foreseeable, then the causal chain was *likewise broken*. In either event, the plaintiff cannot recover.

On the other hand, if you find that *both the theft and the subsequent accident were foreseeable, you will find the causal relationship between the original negligence and the accident to be broken*. In that event, you will find in favor of the plaintiff.

(Emphasis added.) After the trial judge completed the reading of instructions, and the jury left the courtroom, counsel for Sirmans stated that the court misspoke in saying "broken" when it meant to say "unbroken" when referring to the causal relationship in the third scenario. After a sidebar conference, the trial court recalled the jury and stated:

Ladies and gentlemen of the jury, I will give you six copies of the written instructions that I read to you a moment ago.

There is a question as to whether or not I accurately read the instruction that relates to foreseeable injury and, therefore, I would ask you to review that again in the written instructions.

There is no question—the dispute is not to the way it is written; the dispute is as to whether or not I read it accurately, so I would ask you to double-check that during your deliberations.

After the jury left the courtroom, the court stated:

Just to make a record of that last sidebar conference, the last—next to the last sentence of the jury instruction on foreseeable injury reads:

'On the other hand, if you find that both the theft and the subsequent accident were foreseeable, you will find the causal relationship between the original negligence and the accident to be *unbroken.*'

[Plaintiff's counsel] believes that I read that 'to be *broken*' rather than '*unbroken*,' and so, it was agreed at sidebar that I would ask the jurors to review that instruction just in case I did misread it.

(Emphasis added.)

The trial court, in denying Sirmans' motion for new trial, ruled that the misstatement had been adequately cured through the court's direction to the jury to rely on its written instructions. The court noted that Sirmans' objection was made at the completion of the entire instruction, and not immediately upon the court's misstatement. The court therefore elected to instruct the jury to review and rely on the written charge rather than recharging the jury on only a portion of the instructions.

Sirmans asserts on appeal that since the words "broken" and "unbroken" are opposites in meaning, the instruction could not be "reasonably informative and not misleading" and the jury was necessarily confused. Plaintiff further argues that the written instructions did not cure the error because the court failed to identify the misspoken word. Thus, Sirmans asserts, the jury was not put on notice that an error had in fact been made; instead, the jury was left to find the error on its own.

We do not find the court's misstatement of the word "broken" for "unbroken" to rise to the level of reversible error under the circumstances of this case. We think the possibility of the jury's being misled or confused was overcome when the trial court alerted the jury to a possible misstatement. The court did so because it was not certain that it had, in fact, misread the instructions. We also find no abuse of discretion in the court's method of remedying the error. By instructing the jury to follow its written instructions provided them, the court adopted a clearly reasonable course. Since the written instructions were concededly correct on this point, any possible prejudicial error was cured and the jury was not misled. *See Shively v. Klein,* Del.Supr., 551 A.2d 41, 44 (1988); *Haas,*

450 A.2d at 1180; *Buckley v. R.H. Johnson & Co.*, Del.Supr., 25 A.2d 392, 400 (1942). The court's direction to the jury to review the written instruction eliminated any prior confusion, and therefore the instructions were, in this respect, "reasonably informative and not misleading." *Haas*, 450 A.2d at 1179 (quoting *Baker*, 57 A.2d at 109); *Reeves v. American Airlines, Inc.*, Del. Supr., 408 A.2d 283, 284 (1979).

### B

■ We find the question raised by the second issue more substantial; namely, whether the trial court misstated the law and confused the jury on the plaintiff's burden of proof of foreseeability. Our review of the trial court's charge to the jury on the issue of foreseeable injury through an intervening act is for error of law. *Rohner v. Niemann*, Del.Supr., 380 A.2d 549, 552 (1977). The trial court instructed the jury as follows:

> There is also a general rule which says that when, between original negligence and an accident, there intervenes a criminal act by a third person which causes the injury but was not intended by the person originally negligent and could not have been foreseen by him, the causal chain between the original negligence and the accident is broken.

> An event is 'foreseeable' when a reasonably prudent person would foresee that such an injury as occurred was *more likely than not* to result from the accident—from the act of negligence. For an event to be foreseeable, it does not mean that the negligent party ought reasonably to have foreseen a particular consequence or a precise form of injury or a particular manner of occurrence, or that it would occur to a particular person.

(Emphasis added.) The content of this particular instruction had been the subject of a conference in chambers prior to the instructions. Sirmans' attorney submitted his request for a contrary definition of foreseeability and also objected to the instruction as given after the jury retired. Counsel particularly objected to the "more likely than not" language, arguing that it did not correctly state the law of foreseeability in terms of an unreasonable risk.[1]

The trial court, in denying plaintiff's motion for a new trial, stated that it had "modeled" its instruction on *Torrack v. Corpamerica*, Del.Super., 144 A.2d 703 (1958). However, *Torrack* does not support the instruction given. There, the court stated:

> It is important to note that the intervention of a criminal act does not necessarily interrupt the relation of cause and effect between negligence and injury. 'If, at the time of the negligence, the criminal act might reasonably have been foreseen, the causal chain is not broken by the intervention of such act.'

*Torrack*, 144 A.2d at 704 (quoting 38 Am. Jur. 729). Furthermore, the trial court apparently overlooked this Court's earlier opinions on the subject and our most recent decision on this issue in *Delmarva Power & Light Co. v. Burrows*, Del.Supr., 435 A.2d 716 (1981).

In *Stucker v. American Stores Corporation*, Del.Supr., 171 A. 230 (1934), this Court adopted the principle that an intervening act of a third party would not relieve a tortfeasor of liability if such act "ought to have been foreseen," or "if, according to the usual experience of mankind, the result ought to have been apprehended." *Id.* at 233; *Nutt v. GAF Corp.*, Del.Super., 526 A.2d 564, 566 (1987). In *McKeon v. Goldstein*, Del.Supr., 164

---

1. Plaintiff's counsel detailed his objection before the trial court:

   The correct law involves unreasonable risk, the foreseeability of unreasonable risk; not the foreseeability of a probability of an accident occurring. And I think that that is simply not the law....

   [What] Denzil Penn had to see in this case, or the reasonably prudent person, more accurately, would have to see in this case is that there was a foreseeable risk, a foreseeable risk of injury; and the word 'risk' was not used. It's not a probability, it's a risk, and I think that that should have been the correct standard.

A.2d 260 (1960), the foreseeability test was described as "something which should have been reasonably foreseeable or reasonably anticipated." *Id.* at 262; *Nutt,* 526 A.2d at 567. In *Delmarva Power,* this Court, in addressing the question of duty to foresee an intervening act, stated:

> Delaware law measures duties owed in terms of reasonableness. One's duty is to act reasonably, as a reasonably prudent man (or entity) would. One breaches that duty by not protecting against an event that a reasonably prudent man would protect against. *Stated differently, one's duty encompasses protecting against reasonably foreseeable events.*

435 A.2d at 718 (citations omitted) (emphasis added). In so ruling, this Court explicitly rejected this Court's contrary definition of foreseeability found in *Hercules Power Co. v. DiSabatino,* Del.Supr., 188 A.2d 529 (1963), which expressed the test for foreseeability in terms of probability. *Delmarva Power,* 435 A.2d at 719. In *Hercules,* duty to foresee was expressed in terms of a duty to protect only against events foreseen as "probable to happen." *Hercules,* 188 A.2d at 534.

In *Delmarva Power,* this Court found *Hercules* to be a departure from well-established Delaware authority. *Delmarva Power* restated Delaware law to define foreseeability as the duty to protect against "events reasonably foreseeable," and we expressly disapproved of the "probable to happen" standard as applied in *Hercules. Delmarva Power,* 435 A.2d at 719. Thus, in a case of negligent conduct followed by an intervening act causing injury, liability of the tortfeasor should turn on whether "the risk of particular consequences is 'sufficiently great to lead a rea-

sonable man … to anticipate them, and to guard against them.'" *Id.* (quoting W. Prosser, *The Law of Torts* 145 (4th ed. 1971)).

We also find the trial court's definition of a foreseeable event as one "more likely than not to result from the act of negligence" to imply even greater scientific exactitude [2] than the "probable to happen" language we rejected in *Delmarva Power.* "If the risk is an appreciable one, and the possible consequences are serious, the question is not one of mathematical probability alone." W. Keeton, *Prosser and Keeton on the Law of Torts* § 31 at 171 (5th ed. 1984); *Delmarva Power,* 435 A.2d at 719.

Defendant contends that the trial court's instruction is consistent with the *Restatement (Second) of Torts'* articulation of foreseeability in terms of probability. Comment (d) § 302 of the *Restatement* provides:

> *Probability of intervening action.* If the actor's conduct has created or continued a situation which is harmless if left to itself but is capable of being made dangerous to others by some subsequent action of a human being or animal or the subsequent operation of a natural force, the actor's negligence depends upon whether he as a reasonable man should recognize such action or operation as *probable.*

*Restatement (Second) of Torts* § 302 comment d (1965) (emphasis added).[3] However, as we stated in *Delmarva Power,* Delaware law measures duties in terms of *reasonableness,* not *probabilities. Delmarva Power,* 435 A.2d at 719. *See also Nutt v. GAF,* 526 A.2d at 567 ("[A] defendant's liability depends on whether the sub-

---

**2.** The difference between an instruction based on reasonable foreseeability and one based on probability may be quite significant. For example, in a medical malpractice case, a plaintiff must prove that a doctor's inadequate treatment was the *probable cause* of injury or death. "In quantifiable terms, 'probable' is any likelihood greater than 50 percent." *Shively v. Klein,* Del. Supr., 551 A.2d 41, 43 (1988). A "reasonably foreseeable" event causing injury might be proved by a lesser percentage than a 50 percent

chance that a car with a key left in the ignition will be subsequently stolen and involved in an accident. *See, e.g., Hill v. Yaskin,* N.J.Supr., 380 A.2d 1107, 1110 (1977) (citing an empirical study in which in 24% of cases studied, a thief used a key to mobilize a stolen car, and that the accident rate for stolen cars is 47 times greater than the normal rate).

**3.** *But see* section 447 of the Restatement, referred to in n. 4 below.

sequent negligence of the third party should have been reasonably foreseen or reasonably anticipated by the initial tortfeasor"); *Vadala v. Henkels & McCoy, Inc.*, Del.Super., 397 A.2d 1381, 1383 (1979) ("[I]n light of recent empirical data indicating the risk to others involved in leaving ignition keys in unattended vehicles, several jurisdictions have held that a legal duty may exist under circumstances where the defendant should reasonably have anticipated that its conduct would create an unreasonably enhanced danger to one in the position of the injured plaintiff"); *Robelen Piano Co. v. Di Fonzo*, Del.Supr., 169 A.2d 240, 244 (1961); *McKeon v. Goldstein*, 164 A.2d at 262.[4]

Defendant argues that the trial court's "more likely than not" language simply meant that the plaintiff had the same burden of proof on causation as she had in liability, namely, proof by a preponderance of the evidence. The court below noted that it gave an instruction on the burden of proof, using similar language, without objection from the plaintiff. Assuming that the trial court was attempting to instruct the jury simultaneously on the substantive law of foreseeability and the plaintiff's burden of proof on causation, we conclude that such an approach is misleading and confusing so as to undermine the jury's ability to perform its duty. *Haas*, 450 A.2d at 1179.

We cannot accept the defendant's argument that the instruction, viewed as a whole, correctly stated the law of reasonable foreseeability. In the sentence following the instruction using the "more likely than not" language, the trial court charged the jury that the foreseeability of an event "does not mean that the negligent party ought reasonably to have foreseen a particular consequence or a precise form of injury." In our view, an instruction that the negligent party need not foresee a specific injury is no substitute for a jury charge which explains the scope of the negligent party's duty in terms of reasonable foreseeability. *See Hill*, 380 A.2d at 1109.

4. *See also Restatement (Second) of Torts* § 447, "Negligence of Intervening Acts," which this

The instruction given, even read as a whole, is clearly contrary to Delaware law as stated in *Delmarva Power* and, in any event, confusing to the jury.

\* \* \*

Accordingly, the judgment of the Superior Court is reversed and the matter is remanded for a new trial.

Court cited with approval in *McKeon* as consistent with *McKeon*.