IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AMINAH S. FINNEY,                    :
                                     :    C.A. No. K17C-02-018 WLW
            Plaintiff,               :    Kent County
    v.                               :
                                     :
                                     :
ATLANTIC STATES INSURANCE            :
COMPANY, a foreign corporation,      :
                                     :
            Defendant.               :


Submitted: October 13, 2017
Decided: December 6, 2017

**ORDER**

Upon Defendant's Motion for Summary Judgment
*Denied.*


Scott E. Chambers, Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware; attorney for Plaintiff.

Gary W. Alderson, Esquire of Elzufon Austin & Mondell, P.A., Wilmington, Delaware; attorney for Defendant.


WITHAM, R.J.

Before the Court is Defendant Atlantic States Insurance Company's ("ASIC") motion for summary judgment and Plaintiff Aminah S. Finney's response in opposition. After careful review of the pleadings and consideration of the arguments of counsel, the Defendant's Motion for Summary Judgment is hereby **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case are somewhat unusual, yet undisputed. On September 27, 2016, 16-year-old Mason Faust lost control of his vehicle while traveling on Delaware Route 71. Mr. Faust crossed over the northbound lane, striking the guardrail and a utility pole before eventually going over the guardrail, and flipping an "unknown number of times" down the embankment. The Faust vehicle came to rest after striking a tree. The collision between the Faust vehicle and the utility pole caused the pole to split in half, with half of the pole hanging from a guy wire.

The Plaintiff, along with other drivers, stopped her vehicle in order to render assistance to Mr. Faust. The Plaintiff was standing near the broken utility pole when ASIC insured driver, Gary Lee Pierce, approached the scene of the accident in his vehicle. Mr. Pierce, while attempting to avoid the pedestrians standing on the side of the road, struck the guy wire with his vehicle, causing the top of the utility pole to detach from the bottom half. The detached utility pole then struck the Plaintiff in the back and head area.

The Plaintiff applied for Personal Injury Protection (PIP) coverage from ASIC but ASIC denied her claim. The Plaintiff therefore filed the instant action, seeking declaratory judgment pursuant to 10 *Del. C.* Ch. 65.

2

## THE PARTIES' CONTENTIONS

First, ASIC contends that the Plaintiff was not injured as a "natural and reasonable incident or consequence" of Mr. Pierce's use of the insured vehicle. ASIC draws this foreseeability requirement from the Minnesota Supreme Court's decision in *Associated Indep. Dealers, Inc. v. Mut. Serv. Ins. Companies.*[1]

The Plaintiff contends that ASIC's reliance on the Minnesota Supreme Court's dicta is inapplicable in this case because, unlike the Minnesota no-fault statute, Delaware's PIP statute does not contain the words "arising out of ownership, maintenance or use of the vehicle." Moreover, the Plaintiff argues that including an element of foreseeability as part of the *Klug* test[2] is improper because the Minnesota Supreme Court has noted that "each case presenting such a question must, to a great degree, turn on the particular facts presented."[3]

Second, ASIC contends that Mr. Faust's conduct constituted an act of independent significance which broke the causal link between Mr. Pierce's use of his

---

[1] *Associated Indep. Dealers, Inc. v. Mut. Serv. Ins. Companies,* 229 N.W.2d 516, 518 (Minn. 1975).

[2] The *Klug* test, as set forth in *Cont'l W. Ins. Co. v. Klug,* 415 N.W.2d 876 (Minn. 1987), was adopted *in part* by the Delaware Supreme Court in *Kelty v. State Farm Mut. Auto. Ins. Co.,* 73 A.3d 926 (Del. 2013). The Court recognizes that the parties often refer to *Klug* instead of *Kelty*. Either is appropriate in the general sense. However, the Court prefers to refer to the test adopted in *Kelty* as the *Kelty* test, instead of the *Klug* test, because the Court in *Kelty* eliminated the third prong of the test set forth in *Klug*. Therefore, the Court will hereinafter refer to the *Kelty* test instead of the *Klug* test.

[3] *Id. at 518.*

3

vehicle and the Plaintiff's injuries.

The Plaintiff contends that Mr. Faust's collision was not an act of independent significance that broke the causal chain between Mr. Pierce's striking of the guy wire and the Plaintiff's injuries. According to the Plaintiff, it is axiomatic that an independent act breaking the causal link between Mr. Pierce's striking of the guy wire and the Plaintiff's injuries must have happened between the time where Mr. Pierce struck the guy wire and the time that the pole hit the Plaintiff. The Plaintiff also contends that an act that merely sets the stage for a subsequent injury does not constitute an independent act. Morever, because these are highly factual determinations, the Plaintiff alleges that summary judgment is inappropriate.

Third, ASIC contends that the Delaware Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Buckley,* indicated an intention to look askance at "strained" interpretations of our PIP statute.[4]

The Plaintiff did not respond to ASIC's third contention.

## STANDARD OF REVIEW

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[5] All facts are viewed in a light most favorable to the non-moving

---

[4] *State Farm Mut. Auto. Ins. Co. v. Buckley,* 140 A.3d 431, 431-33 (Del. 2016).

[5] Super. Ct. Civ. R. 56(c).

4

party.[6] Summary judgement may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[7] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[8] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[9]

## DISCUSSION

Delaware requires the owners of Delaware-registered motor vehicles to obtain certain insurance coverage.[10] The personal injury protection ("PIP") mandate requires insurance that provides for "[c]ompensation to injured persons for reasonable and necessary expenses . . . ."[11] PIP coverage is available to each person "occupying such motor vehicle and to any other person injured in an accident involving such motor vehicle, other than an occupant of another motor vehicle."[12]

---

[6] *Hammond v. Colt Indus. Operating Corp.*, 565 A.2d 558, 560 (Del. Super. 1989).

[7] Super. Ct. Civ. R. 56(c).

[8] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[10] 21 *Del. C.* § 2118(a)(2).

[11] 21 *Del. C.* § 2118(a)(2)a.

[12] 21 *Del. C.* § 2118(a)(2)c.

This Court in *Friel v. Hartford Fire Ins. Co.*, held that, "the language in Section 2118(a)(2)c – 'coverage . . . shall be applicable to each person occupying such motor vehicle and to any other person injured in an accident involving such motor vehicle . . . .' – to require that both occupants and non-occupants be 'injured in an accident involving a motor vehicle.'"[13]  In other words, as *Friel* held, "the correct analysis should be: first, use the disjunctive two-prong *Fisher* test to determine whether the plaintiff is an occupant; and second, use the two-prong *Kelty* test to determine whether the accident involved a motor vehicle."[14]

*I. The Fisher Test*

The *Fisher* test provides, that a person is an "occupant" of the vehicle "if he or she is either: (a) within a reasonable geographic perimeter of the vehicle or (b) engaged in a task related to the *operation* of the vehicle."[15]  The Delaware Supreme Court found that a claimant qualifies as an occupant when the claimant is "in, entering, exiting, touching, or within reach of the covered vehicle."[16]

In this case, neither party raises occupancy as an issue.  In fact, the parties conceded at a hearing on this matter that the Plaintiff would have been considered a

---

[13] *Friel v. Hartford Fire Ins. Co.*, 2014 WL 1813293, at *5 (Del. Super. May 6, 2014).

[14] *Id.*

[15] *Nat'l Union Fire Ins. Co. of Pittsburgh v. Fisher*, 692 A.2d 892, 896 (Del. 1997) (emphasis in original).

[16] *Id.* at 897.

pedestrian at the time of her injury.[17]  Therefore, it is unnecessary for the Court to conduct an occupancy analysis under *Fisher*.  However, the Court reminds the parties to review *Fisher* in the future, as the occupancy test is the first step in the Court's analysis of PIP claims pursuant to 21 *Del. C.* § 2118(a)(2)c.

*II. The Kelty Test*

In *Kelty*, the Delaware Supreme Court outlined a two-part test to determine whether the plaintiff was "injured in an accident involving [the insured] motor vehicle" as required by 21 *Del. C.* § 2118(a)(2)c.[18]  The Court must analyze: (1) whether the vehicle was an "active accessory" in causing the injury; and (2) "whether there was an act of independent significance that broke the causal link between the vehicle and the injuries inflicted."[19]  The Court defined active accessory to require "something less than proximate cause in the tort sense and something more than the vehicle being the mere situs of the injury."[20]

The Court in *Kelty* concluded the vehicle in that case was an active accessory

---

[17] *Finney v. Atlantic States Ins. Co.*, K17C-02-018, at 12-13 (Del. Super. Oct. 13, 2017) (TRANSCRIPT) (The Court, attempting to clarify ASIC's response to the Court's question regarding the distance from the Plaintiff's person to her vehicle, stated, "[a]ll right. I think we all have to agree that she was not an occupant of [her own] vehicle." ASIC responded, "[a]bsolutely not. In the literal sense of a person, she's a pedestrian, yes." The Plaintiff then stated, "it's uncontested that [the Plaintiff] was not an occupant of another motor vehicle, therefore, she's entitled to coverage." ASIC did not rebut the Plaintiff's contention.).

[18] *Kelty*, 73 A.3d at 932.

[19] *Id.* at 930 (citing *Klug*, 415 N.W.2d at 878.

[20] *Id.* at 931.

in causing the plaintiff's injuries.[21] In *Kelty*, the plaintiff was trimming tree branches and using a truck to pull away falling branches to avoid hitting power lines. He tied one end of a rope to a branch and the other end to the truck, which was operated by someone else. While the plaintiff was in a tree cutting a branch, the person in the truck accelerated, causing the rope to snap and the branch to recoil, break from the tree, and strike the power line, which knocked the plaintiff from the tree.[22] The *Kelty* Court held that, unlike the vehicles in other cases that "had a negligible impact on the events" causing the plaintiff's injuries, the force exerted by the truck on the rope and branch led to the plaintiff's injuries, and therefore the truck was an active accessory in causing the plaintiff's injuries.[23]

In this case, although the parties identified several decisions for the Court to consider,[24] the Court's analysis is guided by *Kelty's* holding because the facts in both *Kelty* and this case are substantially similar. Like *Kelty*, the Pierce vehicle did not directly collide with the Plaintiff. Rather, Mr. Pierce collided with a guy wire,

---

[21] *Id.* at 933.

[22] *Id.* at 928.

[23] *Id.* at 933.

[24] *State Farm Mut. Auto. Ins. Co. v. Buckley*, 140 A.3d 431 (Del. 2016) (applying the Court's holding in *Kelty* to the limited circumstances where a school bus was involved); *Campbell v. State Farm Mut. Auto. Ins. Co.*, 12 A.3d 1137 (Del. 2011); *State Farm Mut. Auto. Ins. Co. v. Buckingham*, 919 A.2d 1111 (Del. 2007); *Sanchez v. American Ind. Ins. Co.*, 2005 WL 2662960 (Del. 2005); *Gray v. Allstate Ins. Co.*, 2007 WL 1334563 (Del. Super. May 2, 2007); *Wisnewski v. State Farm Mut. Auto. Ins. Co.*, 2005 WL 697945 (Del. Super. Feb. 14, 2005).

causing a utility pole to fall onto and injure the Plaintiff. *Kelty* provides, therefore, that the Pierce vehicle was an active accessory in the causing the Plaintiff's injury because the force exerted by the Pierce vehicle on the guy wire and utility pole led to the Plaintiff's injuries. Thus, the first prong of the *Kelty* test is satisfied.

The Court must also examine the second prong of the *Kelty* test to determine "whether there was an act of independent significance that broke the causal link between use of the vehicle and the injuries inflicted."[25] In this case, ASIC claims that Mr. Faust's original collision with the utility pole constitutes an act of independent significance, thereby relieving Mr. Pierce and ASIC of liability. However, it is axiomatic that in order to break the causal link between Mr. Pierce's striking of the guy wire and the Plaintiff's injuries, the independent act must have occurred between the time when Mr. Pierce struck the guy wire and the time that the utility pole hit the Plaintiff. Moreover, even if Mr. Faust's collision with the pole helped to furnish the means by which the Plaintiff was injured, the Court's decision remains the same. The Court's holding relies upon well settled Delaware precedent that the "liability of a defendant does not depend upon a showing that defendant's conduct was the exclusive cause of plaintiff's injuries."[26] Rather, "[t]here may be more than one proximate cause which would render a party labile for injuries."[27] The Court

---

[25] *Kelty*, 73 A.3d at 930.

[26] *Nutt v. GAF Corp.*, 526 A.2d 564, 566 (Del. Super. 1987).

[27] *Id.* (citing *McKeon v. Goldstein*, 164 A.2d 260, 262 (Del. 1960); *Wyatt v. Clendaniel*, 320 A.2d 738 (Del. 1974); *Sweetman v. Strescon Indus., Inc.*, 389 A.2d 1319, 1323 (Del. 1978).

recognizes that *Kelty* requires something less than proximate cause when determining if an insured's vehicle was an "active accessory" in causing the plaintiff's injury. Nevertheless, the principles identified by the Court are helpful under these circumstances. Therefore, the second prong of the *Kelty* test is satisfied.

## CONCLUSION

In sum, the Court finds that the Plaintiff was injured in an accident involving an ASIC insured motor vehicle because the Pierce vehicle was an active accessory in causing the Plaintiff's injury and Mr. Faust's collision with the utility pole did not constitute an act of independent significance. The Court declines to address ASIC's argument regarding foreseeability because the Delaware Supreme Court did not deem it necessary to address foreseeability on similarly situated facts in *Kelty*. On the same note, the Court will not address ASIC's public policy argument regarding strained interpretations of the PIP statute. As the Delaware Supreme Court in *Kelty* did not find the interpretation strained, neither will this Court.

Based on the foregoing analysis, the Defendant's Motion for Summary Judgment is hereby **DENIED** and the Plaintiff is hereby entitled to judgment as a matter of law.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh