IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOHN A. TUCKER,       §
      §    No. 390, 2017
   Defendant Below,     §
   Appellant,       §    Court Below: Superior Court
      §    of the State of Delaware
   v.       §
      §    ID. No. N1609007140
STATE OF DELAWARE,     §
      §
   Plaintiff Below,     §
   Appellee.       §

Submitted: May 16, 2018
Decided: July 16, 2018
Corrected: July 17, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices,

# O R D E R

Upon consideration of the parties' briefs, oral argument, and the record on appeal, it appears that:

1. The Appellant, John Tucker, was convicted by a Superior Court jury of Assault in the First Degree and related offenses. On appeal he contends that the trial judge committed reversible error by failing to give a curative instruction to correct a Superior Court Criminal Rule 16 discovery violation committed by the State.

2. The victim in this case received a severe beating. He spent four months in a hospital and then additional time at a rehabilitation center to learn how to communicate and walk again. A witness saw two men, one of whom was Tucker, beating the victim with their fists and a metal stick. Tucker's account of the incident,

which he gave in testimony at trial, was that the victim initiated a fight with him; he fought back in self-defense; and while he and the victim were fighting, a friend of his began fighting with the victim.

3. Shortly after the incident, a City of Wilmington police officer detained Tucker. When he did so, the officer seized a belt Tucker was holding in his hand. The officer who initially detained Tucker and another officer both testified at trial that the belt appeared to have blood on it when it was seized. A DNA analyst testified at trial that the victim's DNA was on the belt. The belt itself was introduced into evidence. The defense argued at trial that no blood was visible on the belt and, since there was no blood, the jury should not rely on the DNA testing or the officers' testimony. One of the officers who had observed the apparent blood testified that it may have faded.

4. During the direct examination of the chief investigating officer, Detective Nowell, the prosecutor asked Nowell whether he had examined the belt. The officer explained that about a month after the offense, he examined the belt as part of deciding which items of evidence would be submitted for DNA testing. He explained that he removed it from an evidence bag, and then said "I took it out. I looked at it. I believe I took a photograph of the belt. Then, I put it back into evidence."[1] This answer brought an objection from defense counsel, who argued

---

[1] App. to Appellant's Opening Br. at A-063.

that the State's failure to produce a copy of the photograph of the belt to the defense before trial was a discovery violation. The defense requested that the photograph not be admitted into evidence. It appears from the record that the trial judge agreed that the State's failure to provide the defense with a copy of the photograph before trial was a discovery violation, and was prepared to rule that the State could not introduce the photograph into evidence. The State indicated, however, that it had no plans to introduce the photograph into evidence anyway. The photograph was not marked as an exhibit for identification, was not admitted into evidence, and was not seen by the jurors.

5. The defense then requested a curative instruction to the effect that the photograph did not exist. The trial judge denied that request, stating: "We're not going to create some fiction here that the photo was not taken. If you want the jury to disregard the testimony as to taking the photo, then you can draft something along those lines."[2] Defense counsel declined the opportunity to draft an instruction, saying that "I don't think that type of draft would be effective."[3] Direct examination of the officer then resumed.

6. On appeal, Tucker argues that the trial judge erred by failing "to issue a curative instruction to correct the testimony of Detective Nowell, who had testified

---

[2] *Id.* at A-068.
[3] *Id.*

that such photo existed."[4]  However, it is not error for a trial judge to refuse to give an instruction to a jury which the judge knows to be factually untrue.[5]  Instructing the jury that there was no photo was not an option since there was, in fact, a photo. The only curative instruction that could reasonably be given, if one was to be given at all, was an instruction that the jury should disregard the detective's statement that he had taken a photo.  Tucker, however, waived the trial judge's invitation to give such an instruction.  His waiver of the opportunity to have such an instruction given at trial precludes him from raising the issue on appeal.[6]

7.  The State filed a cross-appeal, contending that the Superior Court erred in admitting certain parts of Tucker's preliminary hearing testimony under Delaware Rule of Evidence 804(b)(3).  Since we are affirming Tucker's convictions, it is not necessary to address the cross-appeal.

NOW, THEREFORE, IT IS THE ORDER of the Court that the judgment of the Superior Court be, and it is, hereby, AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[4] Appellant's Opening Br. at 2.
[5] "The decision to give a particular jury instruction is within the sound discretion of the trial judge. . . .  [A] defendant has an unqualified right to instructions that 'correctly state the law and are reasonably informative and not misleading. . . ." *Miller v. State*, 893 A.2d 937, 949 (Del. 2006) (quoting *Sirmans v. Penn*, 588 A.2d 1103, 1104 (Del. 1991)).
[6] *Johnson v. State*, 983 A.2d 904, 926 (Del. 2009).